| | |
|---|---|
| **MCDERMOTT WILL & SCHULTE LLP** | **MCDERMOTT WILL & SCHULTE LLP** |
| Marcus A. Helt (TX 24052187) | Daniel M. Simon (*pro hac vice* pending) |
| Jack G. Haake (TX 24127704) | Carmen Dingman (*pro hac vice* pending) |
| 2801 N. Harwood Street, Suite 2600 | Landon Foody (*pro hac vice* pending) |
| Dallas, Texas 75201-1574 | 444 West Lake Street, Suite 4000 |
| Telephone: (214) 295-8000 | Chicago, Illinois 60606 |
| Facsimile: (972) 232-3098 | Telephone: (312) 372-2000 |
| Email: mhelt@mcdermottlaw.com | Facsimile: (312) 984-7700 |
| jhaake@mcdermottlaw.com | Email: dsimon@mcdermottlaw.com |
| | cdingman@mcdermottlaw.com |
| *Proposed Counsel for the Debtors and* | lfoody@mcdermottlaw.com |
| *Debtors-in-Possession* | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) ) | Case No. 26-90004 (MXM) |
| | ) | |
| Debtors. | ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) 2015.3 REPORTS; AND (II) GRANTING RELATED RELIEF**

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:00 P.M. (CT) ON FEBRUARY 4, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 4, 2026 AT 3:00 P.M. (CT) IN ROOM 128, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS, 76102.**
>
> **YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207, MEETING ID: 2310-650-8783. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE MULLIN'S HOME PAGE. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

Inspired Healthcare Capital Holdings, Inc. ("Holdings") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors rely upon the *Declaration of M. Benjamin Jones in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of the Motion, the Debtors respectfully represent as follows:

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

1. By the Motion, the Debtors respectfully request entry of the Proposed Order, (a) extending the deadline by which the Debtors must file (i) their schedules of assets and liabilities, current income and expenditures, and executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") 35 days from the Petition Date (as defined below), through and including March 9, 2026, and (ii) their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Rule 2015.3 of the Bankruptcy Rules (such reports, the "2015.3 Reports") 35 days from the Petition Date, through and including March 9, 2026, in each case without prejudice to the Debtors' ability to request additional extensions of such deadline; and (b) granting related relief.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105(a) and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 2015.3(d), and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1001-1(b) of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules"), and Section B.8(k) of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023 (the "Complex Case Procedures").

4. The Debtors confirm their consent to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent

3

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

I. **The Chapter 11 Cases**

5. On the date hereof (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court"). Contemporaneously herewith, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. To date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

7. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration.

## BASIS FOR RELIEF REQUESTED

I. **Cause Exists to Extend the Time to File the Schedules and Statements.**

8. Bankruptcy Rule 1007(c) provides that, in a voluntary case, the schedules, statements, and other documents required by Bankruptcy Rule 1007(c) shall be filed with the voluntary petition or within 14 days thereafter. *See* Fed. R. Bankr. P. 1007(c). Accordingly, absent the relief requested in this Motion, the Debtors must file the Schedules and Statements by February 16, 2026 (the "Schedules and Statements Deadline"). However, Bankruptcy Rules 1007(c) and

4

9006(b) permits extensions of the Schedules and Statements Deadline for cause. *See* Fed. R. Bankr. P. 1007(c) ("[A]ny extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown."); Fed. R. Bankr. P. 9006(b) (providing that "when an act is required . . . to be done at or within a specified time by [the Bankruptcy Rules] . . . , the court for cause shown may at any time in its discretion" extend the specified time period).

9. The Debtors submit that ample cause exists for the requested extension of the Schedules and Statements Deadline. **First**, to prepare the Schedules and Statements, the Debtors must gather information from books, records, and documents relating to a multitude of prepetition transactions. The Debtors' operations are complex and involve thousands of contracts and other agreements, which will take time to compile and review. Moreover, the Debtors have books and records located at various locations throughout the United States, and information will need to be gathered from many, if not all, of these locations, meriting the requested extension of the Schedules and Statements Deadline.

10. **Second**, collection of the necessary information will require the expenditure of substantial time and effort on the part of the Debtors, their restructuring professionals, their Chief Restructuring Officer, and their already over-burdened employees. The Debtors submit that there are other urgent demands as a result of the filing of these Chapter 11 Cases that will consume the time of key personnel and believe that the efforts of their employees during the initial stages of these proceedings should be focused on operating the Debtors' business and maximizing the value of the Debtors' estates, further meriting the requested extension.

11. **Third**, the Debtors' business operations are complex, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors. In a similar vein, the Debtors may have contingent, unliquidated,

5

or disputed claims that are difficult to quantify. Given the size and complexity of the Debtors' business and financial affairs, as well as the critical matters that the Debtors and their professionals were required to address prior to the commencement of these Chapter 11 Cases, the Debtors were not in a position to complete the Schedules and Statements or file the same on the Petition Date. Engaging in such preparation immediately before or after the commencement of these Chapter 11 Cases would distract such personnel and advisors from the Debtors' business operations at a critical juncture, justifying the relief requested herein.

12. Accordingly, given the foregoing, the Debtors believe that they will be unable to compile all the information necessary for the preparation and filing of the Schedules and Statements within 14 days after the entry of the order for relief, as required by Bankruptcy Rule 1007(c). While such efforts are underway, the Debtors anticipate that they will need a minimum of 21 additional days beyond those otherwise prescribed by the Bankruptcy Rules in order to prepare and file their Schedules and Statements in the appropriate format.

13. Courts in this District have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re Buckingham Senior Living Community, Inc.*, Case No. 25-80595 (MVL) (Bankr. N.D. Tex. Nov. 19, 2025) [Docket No. 38] (extending deadline to file schedules and statements 35 days from the petition date); *In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. July 11, 2025) [Docket No. 55] (extending deadline to file schedules and statements 60 days from the petition date); *In re Prospect Medical Holdings, Inc.*, Case No. 25-80002 (SGH) (Bankr. N.D. Tex. Jan. 15, 2025) [Docket No. 110] (same); *In re CareMax, Inc.*, Case No. 24-80093 (MVL) (Bankr. N.D. Tex. Dec. 10, 2024) [Docket No. 169] (extending deadline to file schedules and statements 21 days from the petition date); *In re TGI Friday's Inc.*, Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 4, 2024) [Docket No. 87] (extending deadline

6

to file schedules and statements 44 days after the petition date); *In re Eiger Biopharmaceuticals, Inc.*, Case No. 24-80040 (SGJ) (Bankr. N.D. Tex. Apr. 5, 2024) [Docket No. 84] (extending deadline to file schedules and statements 35 days from the petition date); *In re Sunland Medical Found.*, Case No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) [Docket No. 39] (extending deadline to file schedules and statements 30 days after the petition date); *In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633 (SGJ) (Bankr. N.D. Tex. Nov. 5, 2020) [Docket No. 130] (extending deadline to file schedules and statements 21 days from the petition date); *In re Senior Care Ctrs., LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) [Docket No. 84] (extending deadline to file schedules and statements 44 days after petition date.).

14. Finally, the relief requested herein will not prejudice any party-in-interest. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements within the additional time requested. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these Chapter 11 Cases, including any official committee appointed therein, to provide access to relevant information regarding the business and the financial affairs of the Debtors.

15. Accordingly, the Debtors hereby seek a 21-day extension of their deadline to file their Schedules and Statements, for a total of 35 days from the Petition Date, through and including March 9, 2026, without prejudice to the Debtors' ability to request additional extensions for cause shown.

**II.    Cause Exists to Extend the Time to File the 2015.3 Reports.**

16. With respect to the 2015.3 Reports, Bankruptcy Rule 2015.3 provides, in part, that a chapter 11 debtor must file, no later than seven (7) days before the date set for the meeting of creditors under Bankruptcy Code section 341 and no less than every six (6) months thereafter,

7

periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a). Bankruptcy Rule 2015.3(d), however, provides the Court with the ability to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d). In addition, the Court has the ability to extend the period of time in which to file the 2015.3 Reports "for cause" pursuant to Bankruptcy Rule 9006(b)(1). *See* Fed. R. Bankr. P. 9006(b) (providing that "when an act is required . . . to be done at or within a specified time by [the Bankruptcy Rules] . . . , the court for cause shown may at any time in its discretion" extend the specified time period).

17. As noted above, given the ongoing operational demand on the Debtors' personnel on a day-to-day basis, it will take substantial time for the Debtors to analyze and compile the information needed to complete the 2015.3 Reports. In view of the magnitude of information that must be assembled and compiled, and the limited time available to do so, ample cause exists for the extension. The Debtors anticipate that they will need a minimum of approximately 35 additional days after the Petition Date in order to prepare and file their 2015.3 Reports in the appropriate format. Courts in this District have granted similar relief on numerous occasions. *See, e.g.*, *In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. July 11, 2025) [Docket No 55]; *In re Harvest Sherwood Food Distributors, Inc.*, Case No. 25-80109 (SGJ) (Bankr. N.D. Tex. May 9, 2025) [Docket No. 69]; *In re Prospect Medical Holdings*, Case No. 25-80002 (Bankr. N.D. Tex. Jan. 15, 2025) [Docket No. 110]; *In re CareMax, Inc.*, Case No. 24-80093 (MVL) (Bankr. N.D. Tex. Dec. 9, 2024) [Docket No. 169]; *In re Northwest Senior Housing Corporation*, Case No. 22-30659 (MVL) (Bankr. N.D. Tex. Apr. 19, 2022) [Docket No. 90].

18.     Accordingly, the Debtors hereby seek an extension of 35 days from the Petition Date, through and including March 9, 2026, of the deadline to file their 2015.3 Reports, without prejudice to the Debtors' ability to request additional extensions for cause shown.

## EMERGENCY CONSIDERATION

19.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## RESERVATION OF RIGHTS

20.     Nothing contained in this Motion nor any actions taken pursuant to the relief requested herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party-in-interests' rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a waiver of any claim or

cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors; rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party-in-interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Motion are valid and the rights of all parties-in-interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

## NOTICE

21.    The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Attorney for the Northern District of Texas; (d) the Attorney General for the State of Texas; (e) the State Comptroller of Public Accounts; (f) the Centers for Medicare and Medicaid Services; (g) the Attorneys General for the states in which the Debtors conduct business; (h) the parties included on the Debtors' list of their 30 largest unsecured creditors; (i) counsel to the Debtors' prepetition lenders; (j) counsel to the proposed DIP Lenders;

10

and (k) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

22. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: February 2, 2026<br>Dallas, Texas | **MCDERMOTT WILL & SCHULTE LLP**<br><br>*/s/ Marcus A. Helt*<br>Marcus A. Helt (TX 24052187)<br>Jack G. Haake (TX 24127704)<br>2801 N. Harwood Street, Suite 2600<br>Dallas, Texas 75201-1574<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>Email: mhelt@mcdermottlaw.com<br>jhaake@mcdermottlaw.com<br><br>- and -<br><br>Daniel M. Simon (*pro hac vice* pending)<br>Carmen Dingman (*pro hac vice* pending)<br>Landon Foody (*pro hac vice* pending)<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br>Email: dsimon@mcdermottlaw.com<br>cdingman@mcdermottlaw.com<br>lfoody@mcdermottlaw.com<br><br>*Proposed Counsel for the Debtors and Debtors-in-Possession* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF. Subject to the Court's approval of their retention and access to filing privileges, the Debtors' proposed claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.

Dated: February 2, 2026  
       Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:   (214) 295-8000
Facsimile:    (972) 232-3098
Email:          mhelt@mcdermottlaw.com
               jhaake@mcdermottlaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INSPIRED HEALTHCARE CAPITAL ) | Case No. 26-90004 (MXM) |
| HOLDINGS, LLC, *et al.*[1] ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Related to Docket No.** ___ |
| ) | |

**ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES AND STATEMENTS
AND (B) 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order")

(a) extending the deadline by which the Debtors must file (i) the Schedules and Statements to and

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

including 35 days from the Petition Date, and (ii) the 2015.3 Reports to and including 35 days from the Petition Date, and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The relief requested in this Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 521 and Bankruptcy Rules 1007(c) and 9006(b), the deadline by which the Debtors shall file the Schedules and Statements and the 2015.3 Reports is extended through and including March 9, 2026.

3. Entry of this Order shall be without prejudice to the Debtors' rights to seek further extensions of time within which to file the Schedules and Statements and the 2015.3 Reports.

The dates set forth in paragraph 2 of this Order may be further extended without further motion by the Debtors, and without further order from the Court, upon written agreement between the Debtors and the U.S. Trustee (which written agreement may be by email), and upon notice of such agreement filed on the docket of these Chapter 11 Cases and served on the applicable notice parties. The Debtors' rights to file a motion with the Court seeking a modification of any of the foregoing reporting requirements are hereby reserved, without prejudice to the Debtors' right to request further extensions.

4.     Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor in possession financing or use of cash collateral for the Debtor (such orders, the "DIP Order"), including the budget attached thereto. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

5.     Nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any

claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

6. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
**MCDERMOTT WILL & SCHULTE LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mcdermottlaw.com
               jhaake@mcdermottlaw.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
Landon Foody (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         dsimon@mcdermottlaw.com
               cdingman@mcdermottlaw.com
               lfoody@mcdermottlaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*