Eric L. Johnson (Admitted *Pro Hac Vice*)
Brian M. Devling (Admitted *Pro Hac Vice*)
Andrea M. Chase (*Pro Hac Vice* Pending)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 – Facsimile
Email: ejohnson@spencerfane.com
Email: bdevling@spencerfane.com
Email: achase@spencerfane.com

Jason P. Kathman (Texas Bar No. 24070036)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com

**COUNSEL FOR UMB BANK**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC**, *et al*[1] | § | **Case No. 26-90004 (MXM)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**UMB BANK'S OBJECTION TO
DEBTORS' MOTION FOR THE ENTRY OF AN ORDER (I) ESTABLISHING BID
PROCEDURES, (II) SCHEDULING CERTAIN DATES AND DEADLINES WITH
RESPECT THERETO, (III) AUTHORIZING THE DEBTORS TO ENTER INTO A
STALKING HORSE AGREEMENT AND PROVIDE BID PROTECTIONS, (IV)
APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (V)
ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND
ASSIGNMETN OF CONTRACTS AND LEASES AND, (VI) GRANTING RELATED
<u>RELIEF</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

UMB Bank, N.A., as successor by merger to HTLF Bank ("**UMB**"), creditor and party in interest in the above jointly administered case, hereby files this its limited objection and reservation of rights (the "**Limited Objection**") to entry of an order granting *Debtors' Motion for the Entry*

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' propose claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

*of an Order (I) Establishing Bid Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Authorizing the Debtors to Enter into a Stalking Horse Agreement and Provide Bid Protections, (IV) Approving the Form and Manner of Notice Thereof; (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases and, (VI) Granting Related Relief* (the "**Bid Procedures Motion**")[2] and in support thereof would respectfully show the Court the following:

## BACKGROUND

1. Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Code**") on February 2, 2026 (the "**Petition Date**").

2. UMB's borrower is debtor Inspired Senior Living of Eugene DST ("**Eugene DST**"). Pursuant to the terms of that certain Term Loan and Security Agreement dated April 14, 2023 (as amended, restated, supplement, or otherwise modified, the "**Loan Agreement**"), UMB extended a term loan to Eugene DST.[3]

3. Debtor's obligations to UMB are further evidenced by that certain Term Note (the "**Note**") dated April 14, 2023, in the original principal amount of $15,750,000.00.

4. The loan is secured by, among other things, that certain deed of trust, assignment of leases and rents, security agreement and fixture filing dated April 14, 2023, and recorded with Lane County, Oregon on April 14, 2023 (the "**Deed of Trust**").

5. As further security for the loan, debtor Inspired Senior Living of Eugene MT, LLC ("**Eugene Master Tenant**", together with Eugene DST, the "**Eugene Debtors**"), executed that certain Collateral Assignment of Security Documents dated April 14, 2023 (the "**Collateral**

---

[2] Capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.
[3] UMB has previously attached its loan documents to other filings with the Court, and such documents are available upon request. *See* Doc. 196.

2

Assignment"), pursuant to which Eugene Master Tenant assigned its rights in that certain Security Agreement between the Eugene Debtors and that certain Assignment of Management Agreement and Subordination of Management Fees among Volante Senior Living, LLC, Senior Housing Management Group, LLC, and the Eugene Debtors.

6. As evidenced by the Loan Agreement, the Deed of Trust, and the Collateral Assignment, UMB's primary collateral is the facility located 2951 Coburg Road, Eugene, Oregon (the "**Eugene Facility**") along with the income generated from such facility.

7. Certain obligations owed to UMB are guaranteed by debtor Inspired Healthcare Capital, LLC, and Luke Lee (collectively, the "**Eugene Guarantors**"), pursuant to the terms of that certain Guaranty of Recourse Obligations dated May 20, 2025.

8. UMB is owed approximately $14,300,000.

**OBJECTION**

9. On February 6, 2026, Debtors filed the Bid Procedures Motion. UMB has several concerns with respect to the Bid Procedures, including the following:

   a. <u>UMB's Consultation Rights</u>. UMB should be included as a Consultation Party. The Bid Procedures currently only provide for the DIP Lender and counsel to any official committee. The Bid Procedures require the Debtors to consult with the Consultations Parties on, among other things, the designation of a Stalking Horse Purchaser or an Acceptable Bidder. UMB is a secured party and should have consultation rights to fully protect its interests in the sale process.

   b. <u>Allocation of Purchase Price, Break-Up Fee and Expense Reimbursement</u>. The Bid Procedures do not adequately address the allocation of the proposed Purchase Price, Break-Up Fee, and Expense Reimbursement among the various Debtors and

3

facilities. The purchase agreement for the sale of more than one facility should be required to provide an allocation schedule so that UMB and other secured parties can fully evaluate the bid. Further, the procedures should ensure that the purchaser's allocation remains subject to challenge.

      c.    <u>Credit Bid Rights</u>. Section 363(k) provides secured creditors the right to bid at the sale, and, if the secured creditor purchases the property subject to its lien, then it may "offset such claim against the purchase price of such property." 11 U.S.C. § 363(k). As the Supreme Court has recognized:

> The ability to credit-bid helps to protect a creditor against the risk that its collateral will be sold at a depressed price. It enables the creditor to purchase the collateral for what it considers the fair market price (up to the amount of its security interest) without committing additional cash to protect the loan.

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S.Ct. 2065, 2070 n.2 (2012). Further, Section 363(k) is clearly written in such a way that makes clear that the right to credit bid is to be recognized unless the bankruptcy court specifically "for cause orders otherwise." *See* 11 U.S.C. § 363(k). While the Bid Procedures do provide for the right of any party with a valid lien on any of the Debtors' Assets to credit bid, given the number of secured lenders and their varying collateral packages, the Bid Procedures should provide greater clarity on credit bid rights. For instance:

      i.    The Bid Procedures should provide that secured creditors should automatically be considered Qualified Bidders without having to take any further action including submitting the documents required to be an "Acceptable Bidder." For example, secured creditors should not need to make a good faith deposit or provide sources of financing, given their credit bid rights.

4

    ii.  There should be greater clarity regarding how the proposed break-up fee or expense allocation applies to the assets where the successful bid is a credit bid.

    iii.  The Bid Procedures should specifically allow for secured lenders to submit a joint bid. The Bid Procedures currently limit this ability, as Debtors may "approve joint Bids in their reasonable business judgment," making the ability for joint bidding among secured lenders unclear. Additionally, secured lenders should be exempted from Part IV of the Bid Procedures limiting communication among bidders.

  10.  UMB anticipates that there will be negotiations with Debtors and other interested parties as to the Bid Procedures. Accordingly, UMB reserves its right to raise other and further objections to the Bid Procedures Motion at the hearing with respect to the same. Further, UMB has not yet consented to any sale of its collateral and reserves all rights to object to any proposed sale including, without limitation, whether the conditions of Section 363(f) and 363(m) have been satisfied.

  WHEREFORE, PREMISES CONSIDERED, UMB respectfully requests that (i) the Court deny the Motion to an extent the concerns set forth above cannot be addressed; and (ii) for such other and alternative relief as the Court deems just and proper.

5

<table>
<tr><td>Dated: March 2, 2026.</td><td>Respectfully submitted,</td></tr>
</table>

/s/ *Jason P. Kathman*
Jason P. Kathman (Texas Bar No. 24070036)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email:  jkathman@spencerfane.com

-and-

Eric L. Johnson (Admitted *Pro Hac Vice*)
Brian M. Devling (Admitted *Pro Hac Vice*)
Andrea M. Chase (*Pro Hac Vice* Pending)
**SPENCER FANE LLP**
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100 – Telephone
(816) 474-3216 - Facsimile
Email: ejohnson@spencerfane.com
Email: bdevling@spencerfane.com
Email: achase@spencerfane.com

**COUNSEL FOR UMB BANK**

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that, on March 2, 2026, I caused to be served the foregoing pleading upon the United States Trustee, and the parties on the Master Service List via electronic mail and/or United States mail, first class delivery, and also via the Court's electronic transmission facilities upon all parties accepting such service.

                                                */s/ Jason P. Kathman*
                                                Jason P. Kathman