**FARMER & COKER PLLC**
Kaitlyn Coker, Esq.
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (832) 240-1047
kaitlyn@farmercoker.com

**KURTA LAW**
Robert Van De Veire, Esq.
295 Madison Avenue, Suite 705
New York, New York 10017
Tel: (212) 658-1502
Fax: (212) 603-0790
rvandeveire@kurtalawfirm.com

**GANA WEINSTEIN LLP**
Adam J. Weinstein, Esq.
3706 N Greenview Avenue, #100
Chicago, Illinois 60613
Phone: (212) 776-4251
Fax: (646) 786-3847
aweinstein@ganallp.com

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |

**INVESTOR CREDITOR'S MOTION FOR ORDER
ALLOWING DEBTOR TO RELEASE THE RESIDENT LIST**

Creditor Robyn Fahrenback (the "Investor Creditor"), through the undersigned counsel, respectfully move this Court for entry of an order authorizing the Debtors to release the Resident List to the undersigned pursuant to paragraph 5(e) of the Court's Order Authorizing Debtor to Redact Certain Information From The Creditor Matrix (the "Matrix Order") [Dkt. No. 92]. In support thereof, Investor Creditor states as follows:

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

**REQUEST FOR RELIEF**

1. The Investor Creditor asks this Court to enter an order authorizing the Debtors to provide the Investor Creditor with the Resident List referenced in paragraph 5(e) of the Matrix Order, subject to appropriate confidentiality protections. The requested relief is expressly contemplated by the Matrix Order and is necessary for Investor Creditor to effectively represent creditor interests, investigate potential claims and recovery for other creditors, communicate with similarly situated creditors, and ensure transparency in these Chapter 11 proceedings.

2. This request is made because the following uses of the unredacted Creditor Matrix are plainly and reasonably related to the Debtors' bankruptcy petitions: (i) communications and attorney advertising directed to creditors listed on the Matrix, (ii) outreach to potential clients, including other creditors, and (iii) efforts to identify witnesses, documents, or other discovery relevant to third-party claims not presently before the Court, including claims against broker-dealers.

3. The Matrix Order specifically provides a mechanism for disclosure of the Resident List following Court approval. This Motion simply invokes that procedure. Granting this Motion therefore does not expand the relief previously granted; it implements the process already authorized by this Court.

**FACTUAL BACKGROUND**

4. On or about February 2, 2026, the Debtors commenced these Chapter 11 cases.

5. Shortly thereafter, this Court entered the Matrix Order authorizing procedures for filing a consolidated Creditor Matrix and establishing confidentiality procedures for certain resident information, including the Resident List.

6. Paragraph 5(e) of the Matrix Order provides that the Resident List may be released to a party in interest only after entry of a Court order following notice and hearing.

7. The Investor Creditor is an individual retail investor who purchased one of the Debtors'

offerings at the recommendation of a third-party Financial Industry Regulatory Authority ("FINRA") registered broker-dealer. Declaration of Adam Weinstein ("Weinstein Dec."). ¶ 5.

8.  The Investor Creditor has initiated a FINRA arbitration proceeding against the broker-dealer who recommended the Debtors' offerings (the "Selling BD"). In this arbitration, the Investor Creditor alleges that the Debtors engaged in problematic business practices which were neither properly investigated nor considered prior to recommending the Debtors' offerings to the Investor Creditor. As a result, the Investor Creditor alleged that she was harmed by the broker-dealer's professional negligence. Weinstein Dec., ¶ 6.

9.  The Investor Creditor seeks access to the unredacted Resident List as the Investor Creditor's rights and recovery in this arbitration and otherwise may be materially affected by these Chapter 11 proceedings and related conduct involving the Debtors and third parties, including, but not limited to, the Selling BD.

10. Access to the Resident List will allow Movant to: a. investigate the full scope of creditor claims; b. communicate with similarly situated creditors; c. obtain potential witnesses and relevant information; d. evaluate claims against third parties whose conduct contributed to creditor losses; and e. protect creditor rights both within and outside of the bankruptcy forum.

11. One of the best methods to accomplish this is the use of solicitation letters. Solicitation letters are one of the best ways to obtain information and documents concerning potential witnesses and the Debtors' offerings that will assist investors in their arbitrations or litigation against their Selling BDs.

## ARGUMENT

### A. Attorney Advertising about a Bankruptcy and Efforts to Obtain Witnesses, Documents, and Information about the Debtors' Offering in Bankruptcy are Reasonably Related to the Bankruptcy.

12. Attorney advertising and efforts to obtain witnesses, documents, and information about

the Debtors' Offerings in bankruptcy are reasonably related to the bankruptcy. In fact, this exact issue was recently addressed in connection with a nearly identical situation in a sister court, the Southern District of Texas, Houston Division in *In Re: GWG Holdings, Inc.* No. 22-90032 (Bankr. S.D. Tex. filed Apr. 20, 2022).

13. In *GWG,* the Court denied the petition filed by the debtor, GWG, for an order allowing GWG to withhold the unredacted creditor matrix from investor creditors who were similarly situated to the Investor Creditor here. A true and correct copy of the Court's Order dated June 22, 2022 is annexed hereto as Exhibit 1.

14. GWG requested that the *GWG* Court hold that attorney advertising, solicitation of potential clients, and soliciting witnesses or other discovery in connection with claims against broker-dealers and other third parties were not reasonably related to the Chapter 11 case.

15. Amongst arguments advanced by the interested creditors in the *GWG* case were that Attorney advertising or solicitation that informs investors about the bankruptcy and advises them that they may have a right to potential recovery through claims against the broker-dealers who recommended the failed investment is, by its very nature, connected to the bankruptcy. Such communications are therefore not merely reasonably related to the bankruptcy proceedings, they are directly tied to them.

16. Investor Creditor respectfully encourages this Court to follow the precedent set by the GWG Court. Providing creditors who have suffered losses on their investments with information and means to explore potential recovery options is beneficial to the bankruptcy estate.

17. Further, the bankruptcy and the filing arbitration or litigation claims against third-parties are connected and related means of providing relief for investor losses regarding the same investment. The bankruptcy will be the focus of the advertising and a key fact in any ensuing arbitrations or litigation.

18. Indeed, attorney advertising is protected by the First Amendment. *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio,* 471 U.S. 626, 643 (1985) (citation omitted) ("The State is not entitled to interfere with that access by denying its citizens accurate information about their legal rights.")

19. In *Zauderer*, the Court found that a board of the Ohio Supreme Court violated the First Amendment by disciplining an attorney for providing truthful advertising. The Court made this finding in part because legal advertising provides valuable information to the public.

> Our recent decisions involving commercial speech have been grounded in the faith that the free flow of commercial information is valuable enough to justify imposing on would-be regulators the costs of distinguishing the truthful from the false, the helpful from the misleading, and the harmless from the harmful. The value of the information presented in appellant's advertising is no less than that contained in other forms of advertising—indeed, insofar as appellant's advertising tended to acquaint persons with their legal rights who might otherwise be shut off from effective access to the legal system, it was undoubtedly more valuable than many other forms of advertising.

*Id.* at 646.

20. The solicitations are direct mail advertising and other forms of communication which do not involve live, personal communication and are governed by attorney ethics rules. Creditors who do not wish to read the direct mail or respond can simply throw the correspondence away or choose not to read it. *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 475-76 (1988) ("Unlike the potential client with a badgering advocate breathing down his neck, the recipient of a letter and the "reader of an advertisement . . . can 'effectively avoid further bombardment of [his] sensibilities simply by averting [his] eyes,'") (citations omitted). The intrusion on their privacy, if any, is minimal. Direct mail does not present the potential for overreach and undue influence that direct in-person solicitation might have.

21. Accordingly, this Court should find that attorney advertising about a bankruptcy and requests for evidence concerning the Debtors' offerings at issue are reasonably related to the

bankruptcy and issue an order permitting the Debtors to release the Resident List to the Investor Creditor.

### B. The Investor Creditor Has An Interest In Obtaining Witnesses, Documents, And Information That Will Help Her With Her Claims Against The Selling BD

22. The same conclusion applies to communications to investors that seek witnesses, documents, and information that will help harmed investors prove their arbitration or litigation claims against the Selling BD and other broker-dealers that sold Debtors' offerings. These communications for witnesses, documents, and information about an investment in bankruptcy are again connected to the bankruptcy.

23. The Investor Creditor has an incentive to prosecute her claims in the strongest manner possible to allow her to maximize the recovery of her damages. To accomplish this, the Investor Creditor desires to obtain additional evidence from and about other investors who received the same misrepresentations and omissions, as this information is valuable in retail investment fraud cases including those pending in FINRA Arbitration. "[W]here, as here, there are similarities among the investors' testimony regarding the salespersons' behavior, the reliability of that testimony is strengthened." *Alvin W. Gebhart, Jr.,* Exchange Act Release No. 53,136, 87 S.E.C. Docket 403, 2006 WL 140640, at *18 n.18, (Jan. 18, 2006), aff'd in part, reversed in part on other grounds, and remanded, *Gebhart v. S.E.C.*, 255 Fed. Appx. 254 (9th Cir. Nov 21, 2007), sanctions reimposed after remand, Exchange Act Release No. 58,951, 94 S.E.C. Docket 1775 and 1785, 2008 WL 4936788 (Nov. 14, 2008). "[T]he NASD found particularly compelling, as do we, 'the similarities in each customer's testimony regarding [the broker's] behavior and treatment of them." *Frank J. Custable, Jr.*, Exchange Act Release No. 32,801, 54 S.E.C. Docket 1808, 1993 WL 328188, at *4 (Aug. 25, 1993). "The Hearing Panel, which had the opportunity to hear the testimony and assess the witnesses' demeanor, found that the unrelated customers each testified credibly and consistently, and that the customers had similar recollections of [the broker's] misrepresentations and omissions." *Department*

*of Market Regulation v. Field*, 2008 WL 4378174, at *7 (FINRA Nat'l Adj Council Sept. 23, 2008).

24. Evidence from other investors can be admissible to show plan or scheme, such as brokers' plans or schemes to make misrepresentations to customers or brokerage firms' plans or schemes not to expend the resources needed to provide effective supervision. Proof of a plan or "scheme . . . to defraud" is directly one of the methods under Section 10(b) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by which investors can obtain relief under the federal securities laws. *Jordan v. Clayton Brokerage Co. of St. Louis, Inc.*, 861 F.2d 172, 173-74, 177 (8th Cir. 1988), cert. granted and judgment vacated on other grounds, 499 U.S. 914 (1991), aff'd after remand, 975 2d 539 (8th Cir. 1992).

25. Evidence from other investors can also show motive, intent, knowledge, and absence of mistake. Other "acts can be considered to establish . . . motive, intent, or knowledge in committing violations." *Alfred M. Bauer*, 68 S.E.C. Docket 2635, 1999 WL 4904, at *2 (Jan. 7, 1999). "The testimony regarding the investment failures of the other athletes who were Childers' clients . . . should be admissible . . . under Rule 404(b) because it demonstrates 'motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.'" *Jones v. Childers*, 18 F.3d 899, 913 (11th Cir. 1994).

26. Documents reflecting incidents similar to those at issue were specifically identified as relevant and discoverable by the drafters of the 2000 amendment to Federal Rule of Civil Procedure 26(b)(1), defining the scope of discovery. They recognized that "other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

WHEREFORE, the Investor Creditor respectfully requests that this Court enter an order authorizing the Debtors to release the Resident List pursuant to paragraph 5(e) of the Matrix Order and grant such other relief as the Court deems just and proper.

NOTICE OF OPPORTUNITY FOR HEARING:

This Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 9014 and Local Bankruptcy Rule 9013-1.

Any objection to the relief requested herein must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Texas within twenty-one (21) days from the date of service of this Motion.

If no objection is timely filed, the Court may grant the relief requested without further notice or hearing. If an objection is timely filed, the Court will schedule a hearing and provide notice thereof.

DATED this 2nd day of March, 2026        Respectfully Submitted,

**KURTA LAW**

By: /s/ Robert Van De Veire
Robert Van De Veire, Esq.
295 Madison Avenue, Suite 705
New York, New York 10017
Tel:    (212) 658-1502
Fax:    (212) 603-0790
jkurta@kurtalawfirm.com
rvandeveire@kurtalawfirm.com
hross@kurtalawfirm.com

*Pro Hac Vice Pending*

-and-

**GANA WEINSTEIN LLP**

By: /s/ Adam Weinstein
Adam J. Weinstein, Esq.
3706 N Greenview Avenue, #100
Chicago, Illinois 60613
Phone: (212) 776-4251
Fax:    (646) 786-3847
agana@ganallp.com
aweinstein@ganallp.com

*Pro Hac Vice Pending*

-and-

**FARMER & COKER, PLLC**

By: /s/ Kaitlyn M. Coker
Kaitlyn M. Coker
901 Main Street, Suite 5330
Dallas, Texas 75202
Phone: (832) 240-1047
kaitlyn@farmercoker.com

*Attorneys for Robynn Fahrenback*

**CERTIFICATE OF SERVICE**

      I certify that on March 2, 2026, a true and correct copy of the foregoing Investor Creditor's Motion for Order Allowing Debtor to Release the Resident List was served via the Court's Electronic Case Filing System upon all parties registered to receive electronic notice in this case, including counsel for the Debtors, the United States Trustee, counsel for the Official Committee of Unsecured Creditors, and counsel for the Ad Hoc Committee of DST Investors, as reflected on the Notice of Electronic Filing generated by the Court.

                                                                        */s/Kaitlyn M. Coker*
                                                                         Kaitlyn M. Coker, Esq.

| | |
|---|---|
| **FARMER & COKER PLLC**<br>Kaitlyn Coker, Esq.<br>901 Main Street, Suite 5330<br>Dallas, Texas 75202<br>Tel:    (832) 240-1047<br>kaitlyn@farmercoker.com<br><br>**KURTA LAW**<br>Robert Van De Veire, Esq.<br>295 Madison Avenue, Suite 705<br>New York, New York 10017<br>Tel:    (212) 658-1502<br>Fax:    (212) 603-0790<br>rvandeveire@kurtalawfirm.com | **GANA WEINSTEIN LLP**<br>Adam J. Weinstein, Esq.<br>3706 N Greenview Avenue, #100<br>Chicago, Illinois 60613<br>Phone:    (212) 776-4251<br>Fax:       (646) 786-3847<br>aweinstein@ganallp.com |

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL | ) | Case No. 26-90004 (MXM) |
| HOLDINGS, LLC, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## DECLARATION OF ADAM WEINSTEIN IN SUPPORT OF INVESTOR CREDITOR'S MOTION FOR ORDER ALLOWING DEBTOR TO RELEASE THE RESIDENT LIST

I, Adam Weinstein, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury:

1.    I am a partner of the law firm Gana Weinstein LLP and an attorney whose admission *pro hac vice* to this Court is presently pending.

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

2. I am fully familiar with the facts set forth herein by virtue of my personal experience and review of my firm's files concerning this matter.

3. This declaration is respectfully submitted in support of Investor Creditor's Motion For Order Allowing Debtor To Release The Resident List.

4. I represent Robynn Fahrenbach, a creditor in the Inspired Healthcare bankruptcy.

5. Ms. Fahrenbach invested in Inspired Healthcare Income Fund 5, LLC at the recommendation of a FINRA licensed broker dealer.

6. On October 31, 2025, my firm filed a Statement of Claim in the Financial Industry Regulatory Authority ("FINRA") arbitration forum against the broker dealer who recommended that Ms. Fahrenbach invest in Inspired Healthcare Income Fund 5. In that arbitration, Ms. Fahrenbach alleges that the Debtors in this bankruptcy engaged in problematic business practices which were neither properly investigated nor considered prior to recommending the Debtors' offerings to her causing her to be damaged. That arbitration remains pending.

7. In connection therewith, Ms. Fahrenbach seeks to obtain additional witnesses, documents, and information that will help her prove her claims.

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on: March 2, 2026

*Adam Weinstein*
_____
Adam Weinstein