**MCDERMOTT WILL & SCHULTE LLP**
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: mhelt@mcdermottlaw.com
jhaake@mcdermottlaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

**MCDERMOTT WILL & SCHULTE LLP**
Daniel M. Simon (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
Landon Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: dsimon@mcdermottlaw.com
cdingman@mcdermottlaw.com
lfoody@mcdermottlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 (I) DIRECTING EXAMINATION OF EMERSON EQUITY, LLC AND CERTAIN AFFILIATES AND (II) DIRECTING THE PRODUCTION OF DOCUMENTS**

Inspired Healthcare Capital Holdings, LLC ("Holdings") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Section 105(a) of

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

Title 11 of the Bankruptcy Code (the "Bankruptcy Code"), and Local Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to issue discovery without the need for further relief from this Court in the form of the production of documents responsive to the document requests set forth on **Exhibit B** attached hereto (the "Requests") from Emerson Equity LLC and certain affiliates (collectively, "Emerson"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, and Rules 2004 and 9016 of the Bankruptcy Rules.

## BACKGROUND

### 1. The Chapter 11 Case

1. On February 2, 2026 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. To date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

3. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration.

4. Prior to the Petition Date, Emerson was the Debtors' broker-dealer and assisted the Debtors in equity fundraising activities through the marketing and sale of certain securities. Prior to the Petition Date, Emerson was substantively involved with the Debtors, the operation of the Debtors' business, the Debtors' activities with respect to equity funding, as well as being privy to other important facets of the Debtors and their businesses through Emerson's position as the Debtors' broker-dealer.

5. Pursuant to the Debtors' duties under the Bankruptcy Code to preserve property of the estate and maximize value for all creditors and stakeholders, the Debtors seek to obtain certain documents, communications, and other materials from Emerson concerning its relationship with the Debtors, their businesses, and other matters set forth herein as stated in the Requests.

## BASIS FOR RELIEF REQUESTED

### I. Discovery Under Rule 2004

6. Under Fifth Circuit law, a trustee or debtor-in-possession has a duty to investigate the financial affairs of the debtor and prepetition conduct. *See In re Red River Energy, Inc.*, 409 B.R. 163, 181 (Bankr S.D. Tex. 2009). Bankruptcy Rule 2004 provides the Court with authority to order an examination of any entity or person if such examination relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtors' estate … [and to] any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).

7. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). The scope of a Rule 2004 examination is broad. *See, e.g., In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2004 WL 613091, at *3 (S.D. Tex. Mar. 16, 2004); *In re Edic*, No. 05–41557, 2005 WL 6443541, at *1 (Bankr. N.D. Tex. Oct. 7, 2005) ("Rule 2004 is very broad in scope"). Indeed, any third party that has a relationship with a debtor may be subject to examination. *See e.g., Ionosphere Clubs*, 156 B.R. at 432; *Recoton Corp.*, 307 B.R. at 755; *In re Cousins Barricades & Metal Prods.*, No. Civ.A. 99-2035, 2000 WL 245860 at *3 (E.D. La. March 2, 2000).

8. Rule 2004 provides that, upon the motion of any party in interest, the Court may authorize the examination of any entity, through both document requests and depositions, relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

9. Specifically, Rule 2004 enables a party in interest to

> obtain information about the debtor's financial condition, matters that may affect the administration of the debtor's estate, right to a discharge, or operation of a business and the desirability of its continuance, sources of, and consideration for, money or property or consummate a plan, and other matters relevant to the case or formulation of a plan.

*In re Daisytek, Inc.*, 323 B.R. 180, 187 (N.D. Tex. 2005).

10. Rule 2004 is an investigatory tool and is extremely broad in scope. *See In re Correra*, 589 B.R. 76, 113 (Bankr. N.D. Tx. 2018); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (same); *see also In re ECAM Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

11. In fact, courts repeatedly have compared Rule 2004 examinations to a "licensed fishing expedition." *In re NE 40 Partners, Ltd. Partnership*, 440 B.R. 124, 129 (Bankr S.D. Tex. 2010); *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992) ("Bankruptcy Rule 2004 is designed to be a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case . . ."); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass.1983) ("The scope of a Rule 2004 examination is broad. Indeed, some have compared it to a 'fishing expedition.'"); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *see also In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988) ("Bankruptcy Rule 2004 authorizes examination of any entity and the scope of such examination is virtually unlimited.").

12. To establish good cause for a Rule 2004 examination, the Debtors need only demonstrate that an examination is reasonably necessary to protect the estates' legitimate interests and if examination is necessary to establish a claim of the Debtors. *See In re McClain Feed Yard, Inc.*, 661 B.R. 136, 142 (Bankr. N.D. Tex. 2024).

**II. Good Cause Exists for a Rule 2004 Examination**

13. Good cause exists for a Rule 2004 examination and the production of documents because the documents and information requested in the Motion are essential to the Debtors' efforts to maximize the value of the Debtors' estates and investigate potential claims and causes of actions that may exist which may inure to the benefit of the Debtors' creditors and stakeholders.

14. The Debtors believe that important records, documents, communications and other materials which relate to the Debtors' business and dealings with third parties prepetition are in the possession, custody, or control of Emerson. Specifically, Emerson played a significant role in the Debtors' prepetition business activities, including the Debtors' financial affairs and equity fundraising activities. Based on such prepetition involvement, Emerson, and those acting on its behalf, frequently corresponded with and engaged with the Debtors' management. The Debtors believe that the information sought in the Requests is pertinent to the Debtors' investigation of potential claims and causes of action belonging to the estate.

15. Accordingly, by this Motion, the Debtors seek an order authorizing the Debtors to conduct a Rule 2004 examination of Emerson and directing Emerson to produce the documents listed in the Requests that will enable the Debtors to maximize the value of their estates and fully investigate potential claims and causes of action belonging thereto.

## COMPLIANCE WITH L.R. 2004-1(A)

16. In accordance with Local Rule 2004-1(A), the Debtors are not aware of any counsel representing Emerson to conference with in an attempt to coordinate compliance with the 2004 Request. Given Emerson's relationship with Holdings, the Debtors have an urgent need for the information it has in its possession that necessitates resolution of this Motion. Further, the Debtors understand that Emerson would not agree to provide the requested information and that the Motion would have to be presented to the Court for determination.

## NOTICE

17. The Debtors will provide notice of the Motion to: (a) Emerson and counsel thereto; (b) the U.S. Trustee; (c) the United States Attorney for the Northern District of Texas; (d) the Attorney General for the State of Texas; (e) the Centers for Medicare and Medicaid Services;

(f) the Attorneys General for the states in which the Debtors conduct business; (g) the parties included on the Debtors' list of their 30 largest unsecured creditors; (h) counsel to the Debtors' prepetition lenders; (i) counsel to the DIP Lenders; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is required.

**RESERVATION OF RIGHTS**

18. This Motion is submitted without prejudice to, and with a full reservation of, the Debtors' rights to request and conduct any other or further discovery, pursuant to Rule 2004 or other applicable law, from any person or entity, including seeking additional and further discovery from Emerson.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, the Debtors respectfully request entry of the Proposed Order directing the examination of Emerson pursuant to Bankruptcy Rule 2004 and directing the production of documents as set forth in the Rule 2004 Request and granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as may be just and proper.

Dated: March 13, 2026
Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: mhelt@mcdermottlaw.com
jhaake@mcdermottlaw.com

- and -

Daniel M. Simon (admitted pro hac vice)
Carmen Dingman (admitted pro hac vice)
Landon Foody (admitted pro hac vice)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: dsimon@mcdermottlaw.com
cdingman@mcdermottlaw.com
lfoody@mcdermottlaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF. Subject to the Court's approval of their retention and access to filing privileges, the Debtors' proposed claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.

Dated: March 13, 2026
Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt