# Exhibit B

## Requests for Production

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90004 (MXM) |

**REQUESTS FOR PRODUCTION OF DOCUMENTS ON EMERSON EQUITY, LLC**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Inspired Healthcare Capital Holdings, LLC and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), hereby serves the following requests for production on Emerson Equity, LLC, to be produced to the Debtors in accordance with the Definitions and Instructions below.

**DEFINITIONS**

1. "Board" means the Board of Directors of Emerson, including any committees thereof, and any individual director or officer serving on the Board during the relevant time period.

2. "Communication(s)" means any written or oral communication of any kind or character, including, by way of example and without limitation, e-mails, instant messages, text messages, voicemail or voice messages, audio recordings, recordings, transcripts or notes of in-person, video or telephone conversations, letters, meetings, memoranda, telegraphic and telex

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

communications or transmittals of Documents, whether such communication was sent, received, or created, in final or in draft, and all Documents concerning or memorializing such written or oral communications.

3. “Concerning” means consisting of, reflecting, referring to, concerning, related to, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or rebut) the subject matter designated in any of these requests. A request for Documents “Concerning” a specified subject matter always shall include Communications, notes, and memoranda (whenever prepared) concerning the subject matter of the request.

4. “Document(s)” means, without limitation, the original and all copies, prior drafts, and translation of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation, all ESI, Communications, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), contracts, statements, bills, checks, vouchers, video tapes, photographs, tape recordings, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained. The term “Document(s)” is intended to be at least as broad in meaning and scope as the usage of the term in or pursuant to the Federal Rules of Civil Procedure.

5. “Emerson” means Emerson Equity, LLC and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, executives, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

6. “ESI” means Electronically Stored Information.

7. “Petition Date” means February 2, 2026.

8. "Holdings" or "Debtor" means Inspired Healthcare Capital Holdings, LLC and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases, and any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of them, and any and all officers, directors, executives, employees, representatives, agents, advisors, attorneys, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

9. "You" or "Your" means the entity or person responding to these Requests, and, if an entity, any direct or indirect predecessors or successors in interest, parents, subsidiaries or affiliates of any of any such entity, and any and all partners, officers, directors, executives, shareholders, members, employees, representatives, agents, advisors attorneys, and all other persons and entities acting or purporting to act on behalf of any of the foregoing.

**INSTRUCTIONS**

1. Unless otherwise indicated, all Documents shall be produced for the relevant time period, which shall be the four (4) years before the Petition Date (*i.e.*, February 2, 2022) until the date of service of these Requests, including any Documents having an earlier origin, if in use during the relevant time period.

2. The obligation to produce Documents responsive to these Requests shall be continuing in nature, and a producing party is required promptly to produce any Documents requested herein that it locates or obtains after responding to these Requests, up to the conclusion of the above-captioned Chapter 11 case.

3. You are requested to produce not only those Documents in Your physical possession, but also those Documents as to which have the legal right and/or practical ability to obtain (and that are thus within Your custody and/or control), including, without limitation,

Documents in the possession of Your agents, employees, affiliates, advisors, or consultants and any other person or entity acting on Your behalf.

4. If You have no Documents responsive to a particular Request, or if for some other reason You are unable to produce responsive Documents, Your response to that Request should specifically so state. You must respond to each and every Request herein. Any objection to a Definition, Instruction or Request shall state with specificity all grounds for the objection. If You have certain Documents that are responsive to a Request, but believe that additional Documents not now available to You would also be responsive, You should provide the Documents You now have and specifically state when the remainder of the Documents will be provided.

5. Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Requests is withheld on the basis of such assertion, the objecting party shall identify the nature of the privilege (including work product) that is being claimed. In addition, the objecting party shall provide the following information with respect to any Document so withheld on its privilege log: (i) type of Document, *e.g.*, letter or memorandum; (ii) general subject matter of the Document and basis for privilege; (iii) date of the Document; and (iv) author, addressee(s) or recipient(s) of the Document. Attachments to privileged emails shall be independently assessed for privilege claims and logged individually (*i.e.*, separately from the email).

6. In the event that a requested Document has been lost, destroyed, discarded and/or otherwise disposed of, You shall identify the Document by identifying: (i) its author or preparer; (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) date, manner, and reason for destruction or other disposition; (vii) person

authorizing destruction or other disposition; and (viii) the Document request or requests to which the Document is responsive.

7. Instructions regarding the production format of Documents is attached as Appendix I.

8. The parties shall confer to develop search parameters, including custodians and search terms, to identify responsive Documents.

**DOCUMENTS REQUESTED**

1. Documents sufficient to show the corporate structure of Emerson and its affiliates and subsidiaries, including the directors, officers, and board members of each of the foregoing.

2. All contracts between Emerson and Holdings.

3. Documents sufficient to show any and all transfer of funds by Emerson to or from Holdings, its affiliates, subsidiaries, and directors or officers of the foregoing.

4. All Documents and Communications with or regarding Holdings, its affiliates, subsidiaries, and directors or officers of the foregoing.

5. All Documents and Communications Concerning any ethical walls that were put in place, or any similar restrictions, with respect to Emerson and Patrick Lam.

6. Documents sufficient to show commissions and fees paid by Emerson to Patrick Lam, or any other employee of Holdings.

7. All Documents and Communications between or among Emerson, Holding and any investor or potential investor.

8. All Communications, including but not limited to texts, WhatsApp, or other instant messages (including those sent through Gmail, Facebook, iMessage, Blackberry Messenger (BBM), Yahoo, AOL, X (formerly known as Twitter), or any other service provider) between You

and any director(s), officer(s), or executive(s) of Holdings, Emerson, or any third party, Concerning Holdings, its bankruptcy, its business, including but not limited to, its private-placement offerings, promissory notes, senior-living facilities, development projects, trust agreements, intercompany liens, and investor distributions.

9. All insurance policies and indemnification agreements that cover or potentially apply to claims arising from Your service as a broker-dealer for Holdings, and all coverage correspondence with any insurer.

10. All Documents produced to and transcripts of any testimony or interview given to any state or federal regulator, prosecutor, or administrative agency in connection with any civil or criminal investigations of Holdings, including any investigation of Your role as a broker-dealer for Holdings.

11. All Board materials, minutes, presentations, resolutions and memoranda prepared, distributed, or reviewed by You during the relevant time period, including any drafts thereof and any hardcopy version containing any handwritten mark or notation Concerning Holdings or Patrick Lam.

12. All Documents and Communications produced by You to any third party in response to any discovery request in this Bankruptcy Proceeding, including but not limited to a Rule 2004, subpoena, or request for production.

Dated: Dallas, Texas
March 13, 2026

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*

Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574

Tel: (214) 295-8000
Fax: (972) 232-3098
E-mail: mhelt@mcdermottlaw.com
jhaake@mcdermottlaw.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
Carmen Dingman (admitted *pro hac vice*)
Landon Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Tel: (312) 372-2000
Fax: (312) 984-7700
E-mail: dsimon@mcdermottlaw.com
cdingman@mcdermottlaw.com
lfoody@mcdermottlaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# APPENDIX I

## TECHNICAL SPECIFICATIONS FOR PRODUCTION

PRODUCTION OF DOCUMENTS ORIGINATING AS PAPER

For documents that have originated in paper format, the following specifications should be used for their production.

- Images should be produced as single page TIFF group IV format imaged at 300dpi.

- Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

- Media may be delivered on CDs, DVDs, or External USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

- Each delivery should be accompanied by an image cross reference file that contains document breaks.

- A delimited text file that contains available fielded data should also be included and at a minimum include Beginning Bates Number, Ending Bates Number, Custodian, and Number of Pages. The delimiters for that file should be:

  Field Separator, ASCII character 020: "¶"

  Quote Character, ASCII character 254 "þ"

  Multi-Entry Delimiter, ASCII character 059: ";"

- To the extent that documents have been run through an Optical Character Recognition (OCR) software in the course of reviewing the documents for production, full text should also be delivered for each document. Text should be delivered on a document level in an appropriately formatted text file (.txt) that is named to match the first Bates number of the document.

- A text cross reference load file should also be included with the production delivery that lists the beginning Bates number of the document and the relative path to the text file for that document on the production media.

PRODUCTION OF EMAIL AND ELECTRONIC DOCUMENTS

Electronic documents should be produced in such fashion as to identify the location (*i.e.*, the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored). If the storage location was a file share or work group folder, that should be specified as well.

Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

For standard documents, emails, and presentations originating in electronic form, documents should be produced as tiff images using the same specifications above with the following exceptions:

- Provide a delimited text file (using the delimiters detailed above) containing the following extracted metadata fields where they exist in the file being produced:

  Beginning Production
  Number Ending Production
  Number Beginning
  Attachment Range Ending
  Attachment Range Custodian

  Custodian_ALL
  Confidentiality
  Designation Original
  Location Path Email
  Folder Path Document
  Type Edoc_Author

  Edoc_Title
  Page Count
  File Name
  File
  Extension
  File Size
  MD5 Hash

  Date Last Modified

  Time Last Modified
  [HH:MM:SS] Date Created

Time Created [HH:MM:SS]
Date Last Accessed

Date Sent

Time Sent [HH:MM:SS]
Date Received

Time Received
[HH:MM:SS] From

Recipients
Copyees

Blind Copyees
Email Subject
Path to Native
File

Calendar Start Date
Calendar End Date

- Images shall be produced revealing any hidden text/content.

- Extracted full text (not OCR text) should also be delivered for each electronic document. The extracted full text should be delivered on a document level according to the specifications above similar to paper documents.

- Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

- All spreadsheets should be produced in their native format and in the order that they were stored in the ordinary course of business, *i.e.*, emails that attach spreadsheets should not be separated from each other and should be linked using the Attachment Range fields above. The extractable metadata and text should be produced in the same manner as other documents that originated in electronic form. A placeholder TIFF image shall be created, Bates numbered, and the produced Excel chart shall be renamed to match the Bates number on its corresponding placeholder page. The exception shall be for redacted spreadsheets which shall be produced in TIFF format. Images for the redacted spreadsheets shall display the content in the same manner as if it were printed. The parties agree to work out a future protocol governing the use and format of documents produced pursuant to this paragraph at trial, depositions, or hearings (such as converting to tiff images in accordance with the above protocol).

- Upon review, the requesting party may ask for certain other documents and/or databases that were initially produced in their tiff or pdf format to be produced

in their native format in the event that the tiff or pdf version is not reasonably usable. If this is the case, the requesting party will submit a list of Bates numbers identifying the documents. The documents should be produced in their unaltered native format with an accompanying text delimited text file (using the delimiters above) that contains the following fields:

Beginning Production
Number Ending Production
Number Beginning
Attachment Range Ending
Attachment Range Path to
Native File

MD5 Hash Value

PRODUCTION OF DATABASES AND OTHER STRUCTURED DATA

Generally, databases should be produced in a mutually agreeable data exchange format. To determine the data that is relevant to the document requests, a list of databases and systems used to manage relevant data should be provided with the following information:

Database Name

Type of Database

Software Platform

Software Version

Business Purpose Users

Size in Records Size in Gigabytes

A List of Standard Reports

Database Owner or Administrator's Name Field List

Field Definitions (including field type, size, and use)

Upon review of the list, the parties agree to meet and confer regarding the data to be produced from each source, if any, and the form(s) of the production thereof.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, a copy of Inspired Healthcare Capital Holdings, LLC and certain of its affiliates and subsidiaries' Requests for Production of Documents on Emerson Equity LLC was served via email and/or FedEx at the address listed for Emerson Equity LLC at:

155 Bovet Road, Suite 725
San Matea, CA 94402 US

By: *_/s/ Marcus A. Helt_*
Marcus A. Helt