**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 26-90004 (MXM) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**GLOBAL NOTES AND STATEMENT OF LIMITATION, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE MONTHLY OPERATING**
**REPORTS FOR THE PERIOD MARCH 1, 2026 THROUGH MARCH 31, 2026**

On February 2, 2026 (the "Petition Date"), Inspired Healthcare Capital Holdings, LLC ("Holdings") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 26-90004 (MXM).

1. **General Methodology:** The Debtors are filing the attached monthly operating reports (together with all exhibits and schedules thereto, the "MOR") for the period from March 1, 2026, through and including March 31, 2026 (the "Reporting Period") solely for purposes of complying with the monthly operating requirements of the Chapter 11 Cases. The financial and supplemental information contained herein is unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America ("U.S. GAAP") nor in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder, nor is it intended to fully reconcile to the consolidated financial statements prepared by the Debtors. Upon the application

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

1

of such principles, the Debtors believe that the financial information could be subject to material change. The Debtors are not liable for and undertake no responsibility to indicate variations from securities or other laws or generally accepted accounting principles. The MOR should not be relied upon by any persons for information relating to current or future financial condition, events, or performance of any of the Debtors or their affiliates, as the results of operations contained herein are not necessarily indicative of results that may be expected from any other period or for the full year and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future. There can be no assurance that such information is complete, and the MOR is subject to revision. The following notes, statements, and limitations should be referred to, and referenced in connection with, any review of the MOR. The information included in the MOR was derived from the Debtors' books and records available to them at the time of such preparation, but such information is not subject to certain procedures typically applied to such data for U.S. GAAP purposes. Therefore, the MOR was not prepared in accordance with U.S. GAAP and does not include all the information and disclosures required by U.S. GAAP. Each signatory to the MOR has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their agents, advisors, attorneys, and other professionals. Each signatory has not (and could not have) personally verified the accuracy of each such statement, representation, and answer contained in the MOR.

**Basis of Presentation:** The Debtor is filing 33 MORs comprised of (a) 31 MORs for each of the 31 DST communities (the "Communities") which include that Community's respective Master Tenant and DST entity, as well other entities that directly relate to that Community's operations, for a total of 84 entities, (b) 1 MOR for Inspired Healthcare Capital, LLC ("Sponsor") and the 10 related Investment Funds, it manages for a total of 11 entities, and (c) 1 MOR for Holdings and 65 subsidiary entities not included in (a). The 31 Community MORs include reporting by reporting group which includes the DST, the MT, and the Community. The Community reporting group is based on financials provided by the Third-Party Managers. A schedule of which Debtor entities are included in each MOR is attached as **Exhibit MOR-1**. A consolidating statement of cash receipts and disbursements is attached as **Exhibit MOR-2a**. The statement of cash receipts and disbursements is prepared on a cash basis, and is presented inclusive of the cash activity related to third-party operators and includes certain intercompany cash activity, which are both described in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Their Existing Cash Management System and Maintain Their Existing Bank Accounts, (B) Continue to Perform Intercompany Transactions, and (C) Maintain Existing Business Forms and Books and Records; and (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion"). The statement of cash receipts and disbursements includes a calculation of third-party disbursements for the purpose of calculating the U.S. Trustee fees as set forth under 28 U.S.C. § 1930 (the "U.S. Trustee Fees"). A consolidating statement of operations by Reporting Group is attached as **Exhibit MOR-2b**. A consolidating balance sheet by Reporting Group is attached as **Exhibit MOR-2c**. The consolidating balance sheet includes pre- and post-petition liabilities. A schedule reconciling the bank cash balance to the balance sheet is presented on **Exhibit MOR-3**. To the extent applicable, a schedule of payments to

insiders is attached as **Exhibit MOR-4**. A schedule of prepetition payments is presented on **Exhibit MOR-5**. Values in the MOR and any exhibits may represent rounded numbers. Accordingly, subtotals may not agree to the summation of the rounded numbers presented.

2. **Reporting Period**: Unless otherwise noted herein, the MOR reflects the Debtors' books and records and financial activity occurring during the Reporting Period.

3. **Accuracy:** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

4. **Payments of Prepetition Claims Pursuant to First Day Orders**: Following the Petition Date, the Court entered certain orders authorizing, but not directing, the Debtors to, among other things, pay specific obligations, including (i) service fees and charges assessed by the Debtors' banks; (ii) insurance, surety, and letter of credit obligations; (iii) refund program obligations; (iv) employee wages, salaries, and related items (including, employee benefit programs, staffing agency payments, and independent contractor obligations); (v) obligations relating to its third-party managers; and (vi) taxes and assessments (collectively, the "First Day Orders"). Pursuant to the First Day Orders, payments were disbursed to cover these obligations.

5. **Insiders:** For purposes of this MOR, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) non-Debtor affiliates of the foregoing. Moreover, the Debtors do not take a position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law, with respect to any theories of liability, or for any other purpose.

6. **Insider Payments:** To the extent applicable, payments made by the Debtors to "insiders," as such term is defined in 11 U.S.C. § 101(31), were limited to wage compensation, employee reimbursements and benefits in the ordinary course due to those individuals.

7. **Prepetition Liabilities Subject to Compromise:** Certain prepetition indebtedness during these chapter 11 cases may be subject to compromise or other treatment under a chapter 11 plan. Generally, actions to enforce or otherwise effect payment of prepetition liabilities are stayed. However, the Court has authorized the Debtors to pay certain pre-

petition claims subject to certain terms and conditions. The determination of how such liabilities will ultimately be settled or treated cannot be made until the Plan becomes Effective. Accordingly, the ultimate amount of such liabilities is not determinable at this time. Pre-petition liabilities that are subject to compromise under ASC 852 are preliminary and may be subject to, among other things, future adjustments depending on Court actions, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, rejection of executory contracts, continued reconciliation or other events.

8. **Postpetition Borrowing:** Following the Petition Date, on February 6, 2026, the Court approved postpetition borrowing and the use of cash collateral as set forth in the *Interim Order (I) Authorizing (A) Postpetition Financing and (B) The Use Of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Secured Parties; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 121]. On March 24, 2026, the Court approved postpetition and the use of cash collateral on a final basis as set forth in the *(I) Authorizing (A) Postpetition Financing and (B) The Use Of Cash Collateral; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Granting Adequate Protection to Prepetition Secured Parties; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 339].

9. **Reservation of Rights**: Although the Debtors used reasonable efforts to ensure the accuracy and completeness of the MOR, inadvertent errors or omissions may exist.[2] Accordingly, the Debtors hereby reserve all of their rights to dispute the validity, status, enforceability, or executory nature of any claim amount, agreement, representation, or other statement set forth in this MOR. For the avoidance of doubt, the Debtors hereby reserve all rights to amend and supplement the MOR in all respects, as may be deemed necessary or appropriate, but shall be under no obligation to do so. Considering the abovementioned limitations, the MOR for any given month may not be comparable to any past or future MOR or any other report and ending and closing balances for all or certain accounts may not be reconciled. Nothing contained in or omitted from this MOR shall constitute a waiver of any of the Debtors' rights or an admission with respect to these Chapter 11 Cases.

10. **Specific MOR Disclosures:**

    a. **Part 1: Cash Receipts and Disbursements:** The MOR presents the receipts and disbursements of the Debtors during the Reporting Period. The receipts include collections across the Debtors' communities as well as transfers from Debtor affiliates. Receipts and disbursements include cash activity related to third-party operators, which is described in the Cash Management Motion. Disbursements include payments made in the ordinary course of business, as

---

[2] The Debtors and their agents, advisors, attorneys, and other professionals, as applicable, do not guarantee or warrant the accuracy or completeness of the data or other information that is provided in the MOR.

described in the Cash Management Motion.  Intercompany disbursements are excluded from the calculation of total disbursements for quarterly fee calculation as detailed in MOR-2a.  All figures are reported on a cash basis as reflected in the Debtors' bank statements.  Reconciling differences may exist between bank statement balances and balance sheet cash balances due to routine timing variances between payment execution in the Debtors' financial system and the actual disbursement of funds from Debtor bank accounts.

b.    **Part 2: Asset and Liability Status:** The amounts identified in Part 2 of the MOR are derived from the Debtors' unaudited and estimated balance sheets as of March 31, 2026.  The MOR reflects the carrying values of the assets as recorded on the Debtors' books and records as of March 31, 2026, and is not based upon an estimate of their current market value.  Detailed support of the line items can be found on MOR-2c. Accounts receivable over 90 days outstanding reflects net accounts receivable adjusted for aged receivables. Postpetition payables are determined based on the latest books and records and are subject to change. Accrued postpetition taxes primarily consist of provider taxes and payroll taxes, and accrued postpetition expenses primarily consist of accrued payroll and benefits. These accrued balances are based upon the Debtors' latest estimates as of March 31, 2026, and as the Debtors continue to review and reconcile their books and records, additional adjustments may be made. No postpetition taxes are believed to be past due.

Liabilities reflected in this section include both pre- and post-petition amounts. The category of these liabilities is determined based on the nature of the liability. Secured liabilities include the secured debt facilities.  Priority liabilities reflect accrued compensation and accrued taxes, including provider assessments.  Unsecured liabilities represent all other liabilities including, but not limited to, the unsecured notes, claims, prepetition accounts payable, operating lease liabilities and other debts. The Debtors reserve their right to amend or adjust the value of each asset set forth herein.  Debt is recorded on each respective borrower's MOR, but guarantees may exist at other Debtor entities. The Debtor further makes no representation that Sponsor support to Master Tenants are contributions to equity, although such naming conventions / line-item titles may appear on the financial statements.

As further described in the *Debtors' Emergency Motion for Entry of Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Third-Party Managers and (B) Obtain New Third-Party Management Agreements, (II) Extending Statutory Protections to Third-Party Managers, and (III) Granting Related Relief* [Docket No. 13] (the "Third-Party Manager Motion"), each Community is operated by a non-insider Third-Party Manager (as defined in the Third-Party Manager Motion).  Accordingly, because the Debtors do not have control over the Third-Party Manager's books and records most Community liabilities are reflected as postpetition expenses on the Debtors' balance sheet.

5

c.      **Part 3: Assets Sold or Transferred:** The Debtors had no asset sale or transfers during the second Reporting Period.

d.      **Part 4: Income Statement (Statement of Operations):** The MOR reflects the Debtors' best estimates of their statements of operations for the Reporting Period. Detailed support of the line items can be found on MOR-2b. Taxes include all tax expenses (e.g., provider taxes, income taxes, property taxes, sales and use taxes etc.) except for payroll taxes, which are included as part of total salary costs within general and administrative expenses. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the Reporting Period. The consolidating statement of operations has been presented for the full month of March.

e.      **Part 5: Professional Fees and Expense**s: During the second Reporting Period, the Debtors did not make any payments to professionals.

f.      **Part 6: Postpetition Taxes**: The MOR reflects the Debtors' best estimates of their accrued postpetition taxes as of March 31, 2026. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the reporting period. As the Debtors continue to review and reconcile their books and records with respect to the postpetition tax payments, additional adjustments may be made.

**\* \* \* END OF GLOBAL NOTES \* \* \***

## UNITED STATES BANKRUPTCY COURT

Northern   DISTRICT OF   Texas

Fort Worth Division

In Re.  Healthcare Capital Holdings, LLC (See MOR-1)    §        Case No.  26-90004

§

§        Lead Case No.  26-90004

Debtor(s)    §

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 03/31/2026          Petition Date: 02/02/2026

Months Pending: 2          Industry Classification: 6  2  3  3

Reporting Method:          Accrual Basis ⦿          Cash Basis ◯

Debtor's Full-Time Employees (current):          58

Debtor's Full-Time Employees (as of date of order for relief):          58

## Supporting Documentation  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☒ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/ M. Benjamin Jones                                    M. Benjamin Jones
Signature of Responsible Party                          Printed Name of Responsible Party

05/08/2026
Date                                                    7033 E Greenway Parkway, Suite 250
                                                        Scottsdale, AZ 85254
                                                        Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)          1

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)              Case No.  26-90004

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $106,297 | |
| b.   Total receipts (net of transfers between accounts) | $402,372 | $688,719 |
| c.   Total disbursements (net of transfers between accounts) | $270,498 | $656,473 |
| d.   Cash balance end of month (a+b-c) | $238,171 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $270,498 | $656,473 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $2,126 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory    (Book ◯    Market ◯    Other ⦿    (attach explanation)) | $0 |
| d   Total current assets | $233,072 |
| e.   Total assets | $10,481,125 |
| f.   Postpetition payables (excluding taxes) | $394,943 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $313,685 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $708,628 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $3,765,188 |
| n.   Total liabilities (debt) (j+k+l+m) | $4,473,816 |
| o.   Ending equity/net worth (e-n) | $6,007,309 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $425,807 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $425,807 | |
| d.   Selling expenses | $10,610 | |
| e.   General and administrative expenses | $15,386 | |
| f.   Other expenses | $491,966 | |
| g.   Depreciation and/or amortization (not included in 4b) | $76,117 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $19,900 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $-188,172 | $-371,655 |

UST Form 11-MOR (12/01/2021)                    2

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

## Part 5: Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | | | | |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | Firm Name | Role | | | | |
|   | i | | | | | |
|   | ii | | | | | |
|   | iii | | | | | |
|   | iv | | | | | |
|   | v | | | | | |
|   | vi | | | | | |
|   | vii | | | | | |
|   | viii | | | | | |
|   | ix | | | | | |
|   | x | | | | | |
|   | xi | | | | | |
|   | xii | | | | | |
|   | xiii | | | | | |
|   | xiv | | | | | |
|   | xv | | | | | |
|   | xvi | | | | | |
|   | xvii | | | | | |
|   | xviii | | | | | |
|   | xix | | | | | |
|   | xx | | | | | |
|   | xxi | | | | | |
|   | xxii | | | | | |
|   | xxiii | | | | | |
|   | xxiv | | | | | |
|   | xxv | | | | | |
|   | xxvi | | | | | |
|   | xxvii | | | | | |
|   | xxviii | | | | | |
|   | xxix | | | | | |
|   | xxx | | | | | |
|   | xxxi | | | | | |
|   | xxxii | | | | | |
|   | xxxiii | | | | | |
|   | xxxiv | | | | | |
|   | xxxv | | | | | |
|   | xxxvi | | | | | |

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                              Case No.  26-90004

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |

UST Form 11-MOR (12/01/2021)                     4

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

| | | | | | |
|---|---|---|---|---|---|
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |
| xcix | | | | | |
| c | | | | | |
| ci | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | | | | |
| | ii | | | | | |
| | iii | | | | | |
| | iv | | | | | |
| | v | | | | | |
| | vi | | | | | |
| | vii | | | | | |
| | viii | | | | | |
| | ix | | | | | |
| | x | | | | | |
| | xi | | | | | |
| | xii | | | | | |
| | xiii | | | | | |
| | xiv | | | | | |

UST Form 11-MOR (12/01/2021)                    5

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

UST Form 11-MOR (12/01/2021)                    6

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

| | | | | | |
|---|---|---|---|---|---|
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

UST Form 11-MOR (12/01/2021)                    7

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| **Part 6:  Postpetition Taxes** | **Current Month** | **Cumulative** |
|---|---|---|
| a.  Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b.  Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c.  Postpetition employer payroll taxes accrued | $15,946 | $31,342 |
| d.  Postpetition employer payroll taxes paid | $11,103 | $23,139 |
| e.  Postpetition property taxes paid | $0 | $115,064 |
| f.  Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g.  Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

a.  Were any payments made on prepetition debt?  (if yes, see Instructions) — Yes ○  No ●

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) — Yes ○  No ●

c.  Were any payments made to or on behalf of insiders? — Yes ○  No ●

d.  Are you current on postpetition tax return filings? — Yes ●  No ○

e.  Are you current on postpetition estimated tax payments? — Yes ●  No ○

f.  Were all trust fund taxes remitted on a current basis? — Yes ●  No ○

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ○  No ●

h.  Were all payments made to or on behalf of professionals approved by the court? — Yes ○  No ○  N/A ●

i.  Do you have:    Worker's compensation insurance? — Yes ●  No ○

     If yes, are your premiums current? — Yes ●  No ○  N/A ○  (if no, see Instructions)

     Casualty/property insurance? — Yes ●  No ○

     If yes, are your premiums current? — Yes ●  No ○  N/A ○  (if no, see Instructions)

     General liability insurance? — Yes ●  No ○

     If yes, are your premiums current? — Yes ●  No ○  N/A ○  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court? — Yes ○  No ●

k.  Has a disclosure statement been filed with the court? — Yes ○  No ●

l.  Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? — Yes ●  No ○

UST Form 11-MOR (12/01/2021)                    8

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ⊙ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ⊙ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/ eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ M. Benjamin Jones

Signature of Responsible Party

Chief Restructuring Officer

Title

M. Benjamin Jones

Printed Name of Responsible Party

05/08/2026

Date

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004



PageOnePartOne



PageOnePartTwo



PageTwoPartOne



PageTwoPartTwo

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                    Case No.  26-90004



Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name  Healthcare Capital Holdings, LLC (See MOR-1)                     Case No.  26-90004



PageThree



PageFour

**Inspired Healthcare Capital Holdings, LLC, et al.**
Case No. 26-90004
MOR-1 - Reporting Group List
As of March 31, 2026
Arlington Consolidated

| # | Case # | Debtor Name | Reporting Group |
|---|--------|-------------|-----------------|
| 1 | 26-90081 | Inspired Senior Living of Arlington Heights DST | DST |
| 2 | 26-90017 | Inspired Senior Living of Arlington Heights MT, LLC | MT & Community |
| 3 | 26-90080 | VSL-Arlington IL, LLC | MT & Community |

**Inspired Healthcare Capital Holdings, LLC, et al.**
Case No. 26-90004
MOR-2a - Statement of Cash Receipts and Disbursements by Reporting Group
For the Month Ended March 31, 2026
Arlington Consolidated

| # | Line Item | Arlington Consolidated DST | Arlington Consolidated MT | Arlington Consolidated Community | Total |
|---|---|---|---|---|---|
| 1. | **Cash at Beginning of Month** | $ 355 | $ 239 | $ 105,702 | $ 106,297 |
| 2. | Third Party Receipts | - | - | 333,787 | 333,787 |
| 3. | Third Party Disbursements | (25) | - | (270,473) | (270,498) |
| 4. | Net 3rd Party Cash Movements | $ (25) | $ - | $ 63,314 | $ 63,289 |
| | | | | | |
| 5. | Intracompany Receipts | $ 71,000 | $ 72,000 | $ 72,000 | $ 215,000 |
| 6. | Intracompany Disbursements | - | (71,000) | (144,000) | (215,000) |
| 7. | Transfers to / from Sponsor | (71,000) | - | - | (71,000) |
| 8. | Transfers to / from Holdings | - | 140,880 | (1,295) | 139,585 |
| 9. | Net Inter/Intra-Company Transactions | $ - | $ 141,880 | $ (73,295) | $ 68,585 |
| | | | | | |
| 10. | **Cash at End of Month** | $ 330 | $ 142,119 | $ 95,722 | $ 238,171 |
| | | | | | |
| 11. | **Disbursements for Quarterly UST Fee Calc** | $ (25) | $ - | $ (270,473) | $ (270,498) |

**Inspired Healthcare Capital Holdings, LLC, et al.**
Case No. 26-90004
MOR-2b - Statement of Operations by Reporting Group
For the Month Ended March 31, 2026
Arlington Consolidated

| # | Line Item | Part 4 Map | Arlington Consolidated DST | Arlington Consolidated MT | Arlington Consolidated Community | Total | |
|---|---|---|---|---|---|---|---|
| 1. | Rental Revenue | a. | $ - | $ - | $ 319,341 | $ 319,341 | |
| 2. | Ancillary & Other Revenue | a. | - | - | 582 | 582 | |
| 3. | **Total Revenue - Community** | | $ - | $ - | $ 319,923 | $ 319,923 | |
| | | | | | | | |
| 4. | Payroll & Benefits | f. | - | - | 190,172 | 190,172 | |
| 5. | Dietary | f. | - | - | 13,999 | 13,999 | |
| 6. | Maintenance | f. | - | - | 1,897 | 1,897 | |
| 7. | Sales / Marketing | d. | - | - | 10,610 | 10,610 | |
| 8. | Other Operating Expenses | f. | - | - | 9,841 | 9,841 | |
| 9. | Utilities | f. | - | - | 8,792 | 8,792 | |
| 10. | Insurance | f. | - | - | 6,688 | 6,688 | |
| 11. | Taxes | i. | - | - | 19,900 | 19,900 | |
| 12. | Management Fee | f. | - | - | 19,000 | 19,000 | |
| 13. | General & Administrative | e. | - | - | 15,386 | 15,386 | |
| 14. | **Total Expenses - Community** | | $ - | $ - | $ 296,284 | $ 296,284 | |
| | | | | | | | |
| 15. | **Net Operating Income (Loss)** | | $ - | $ - | $ 23,639 | $ 23,639 | |
| | | | | | | | |
| 16. | Asset Management Fees | a. | - | 7,074 | - | 7,074 | |
| 17. | Rental Income | a. | 98,810 | - | - | 98,810 | (1) |
| 18. | **Total Revenue - Corporate (DST / MT)** | | $ 98,810 | $ 7,074 | $ - | $ 105,884 | |
| | | | | | | | |
| 19. | Intercompany Reallocation & Other Fees | f. | 140,884 | - | - | 140,884 | |
| 20. | Intercompany Rent | f. | - | 98,810 | - | 98,810 | (1) |
| 21. | Depreciation Expense | g. | 75,575 | - | 542 | 76,117 | |
| 22. | Bank Fees | f. | 261 | - | - | 261 | |
| 23. | Personal Property Taxes | i. | - | - | - | - | |
| 24. | Interest & Fees | h. | - | - | - | - | |
| 25. | Other Corporate G&A | f. | - | 399 | 1,223 | 1,622 | |
| 26. | **Total Expenses - Corporate (DST / MT)** | | $ 216,720 | $ 99,209 | $ 1,765 | $ 317,694 | |
| | | | | | | | |
| 27. | **Net Income (Loss)** | | $ (117,910) | $ (92,136) | $ 21,874 | $ (188,172) | |

(1) Includes interest on deferred rent balance.

**Inspired Healthcare Capital Holdings, LLC, et al.**
Case No. 26-90004
MOR-2c - Balance Sheet by Reporting Group
For the Month Ended March 31, 2026
Arlington Consolidated

| # | Line Item | Part 2 Map | Arlington Consolidated DST | Arlington Consolidated MT | Arlington Consolidated Community | Total |
|---|---|---|---|---|---|---|
| 1. | **Assets:** | | | | | |
| 2. | Cash | d. | $ 330 | $ 142,119 | $ 90,623 | $ 233,072 |
| 3. | Accounts Receivable, net | a. | - | 605 | 1,521 | 2,126 |
| 4. | Intercompany Due From | e. | 1,443,939 | (1,817,773) | 1,903,506 | 1,529,673 |
| 5. | Fixed Assets | e. | 8,460,522 | - | 25,447 | 8,485,968 |
| 6. | Intangibles and Other Assets, net | e. | 226,667 | - | 3,619 | 230,286 |
| 7. | **Total Assets** | **e.** | **$ 10,131,458** | **$ (1,675,049)** | **$ 2,024,716** | **$ 10,481,125** |
| 8. | **Liabilities:** | | | | | |
| 9. | Prepetition AP & Accrued Expenses | m. | $ 605 | $ - | $ - | $ 605 |
| 10. | Prepetition Taxes Payable | l. | - | - | - | - |
| 11. | Prepetition Secured Debt | k. | - | - | - | - |
| 12. | Prepetition Intercompany Due To | m. | 2,387,297 | 1,377,286 | - | 3,764,583 |
| 13. | Prepetition Accrued Interest | k. | - | - | - | - |
| 14. | Prepetition Other Unsecured Liabilities | m. | - | - | - | - |
| 15. | Prepetition Liabilities | | $ 2,387,902 | $ 1,377,286 | $ - | $ 3,765,188 |
| 16. | Postpetition AP & Accrued Expenses | f. | - | 399 | 145,683 | 146,082 |
| 17. | Postpetition Taxes Payable | h. | - | - | 313,685 | 313,685 |
| 18. | Postpetition Secured Debt | f. | - | - | - | - |
| 19. | Postpetition Intercompany Due To | f. | 182,376 | 66,416 | 70 | 248,861 |
| 20. | Postpetition Accrued Interest | f. | - | - | - | - |
| 21. | Postpetition Other Unsecured Liabilities | f. | - | - | - | - |
| 22. | Postpetition Liabilities | | $ 182,376 | $ 66,815 | $ 459,437 | $ 708,628 |
| 23. | **Total Liabilities** | | **$ 2,570,278** | **$ 1,444,101** | **$ 459,437** | **$ 4,473,816** |
| 24. | **Equity:** | | | | | |
| 25. | IHC Contribution | | $ - | $ 1,176,906 | $ - | $ 1,176,906 |
| 26. | Member Contribution | | 16,976,556 | - | - | 16,976,556 |
| 27. | Distribution | | (3,710,443) | - | - | (3,710,443) |
| 28. | Retained Earnings | | (5,704,933) | (4,296,056) | 1,565,278 | (8,435,711) |
| 29. | **Equity** | **o.** | **$ 7,561,181** | **$ (3,119,150)** | **$ 1,565,278** | **$ 6,007,309** |
| 30. | **Total Liabilities & Equity** | | **$ 10,131,458** | **$ (1,675,049)** | **$ 2,024,716** | **$ 10,481,125** |

**Inspired Healthcare Capital Holdings, LLC, et al.**
Case No. 26-90004
MOR-3 - Bank Account Reconciliation
For the Month Ended March 31, 2026
Arlington Consolidated

| | Bank | Account Number | Type | Mar'26 Balance |
|---|---|---|---|---:|
| Cash Balance per Bank: | | | | |
| VSL-Arlington IL, LLC | Alliance Bank | x1249 | Community | 250 |
| Inspired Senior Living of Arlington Heights MT LLC | Bank of America | x1671 | Community | 95,472 |
| Inspired Senior Living of Arlington Heights MT LLC | Bank of America | x1684 | Community | - |
| Inspired Senior Living of Arlington Heights MT LLC | Alliance Bank | x9886 | MT | 142,119 |
| Inspired Senior Living of Arlington Heights DST | Alliance Bank | x3408 | DST | 211 |
| Inspired Senior Living of Arlington Heights DST | Alliance Bank | x7421 | DST | 120 |
| Total Cash Balance, per Bank | | | | $ 238,171 |
| Other reconciling items[1] | | | | (5,099) |
| **Total Cash Balance, per Book** | | | | **$ 233,072** |

**Notes:**
(1) Other reconciling items primarily related to restricted cash, check float, transfers in-progress and other miscellaneous items