**GREENBERG TRAURIG, LLP**
Shari L. Heyen (Tex. Bar No. 09564750)
James T. Grogan III (Tex. Bar No. 24027354)
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Emails:   Shari.Heyen@gtlaw.com
          James.Grogan@gtlaw.com

**GREENBERG TRAURIG, LLP**
Jared R. Weir (Tex. Bar No. 24075253)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email:   Jared.Weir@gtlaw.com

**GREENBERG TRAURIG, LLP**
David B. Kurzweil (Admitted *Pro Hac Vice*)
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: KurzweilD@gtlaw.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) ) ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) ) | |

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER (I) CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION, (II) AUTHORIZING THE COMMITTEE TO ESTABLISH AND**

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696.  There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare.  The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

**MAINTAIN THE COMMITTEE INFORMATION PLATFORMS, AND (III)
AUTHORIZING THE COMMITTEE TO UTILIZE
AN INFORMATION AGENT IN CONNECTION THEREWITH**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:30 P.M. (PREVAILING CENTRAL TIME) ON JUNE 2, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 2, 2026 AT 1:30 P.M. IN ROOM 128, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS, 76102.**
>
> **YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207, MEETING ID: 2310-650-8783. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE MULLIN'S HOME PAGE. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases files this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) clarifying the Committee's obligations to provide creditors with access to privileged and confidential information under section 1102(b)(3)(A) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); (ii) establishing uniform procedures for providing creditors access to

2

information pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code, Rule

9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and paragraph 36

of the Procedures for Complex Cases in the Northern District of Texas, effective February 6, 2023;

(iii) authorizing, but not directing, the Committee, in its sole discretion, to establish and maintain

information platforms for the benefit of the Debtors' unsecured creditors, (iv) authorizing the

Committee to utilize an information agent (the "Information Agent") in connection therewith, and

(v) granting related relief.[2]  In support of this Motion, the Committee respectfully represents as

follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Northern District of Texas, Fort Worth

Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated

August 3, 1984, entered by the United States District Court for the Northern District of Texas.

2.      This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases

and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 107(b),

and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018.

4.      The Committee confirms its consent to the entry of a final order by the Court in

connection with the Motion in the event that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

---

[2] The Committee has been informed that the DST Committee intends to seek the similar relief in connection
with its obligations under section 1102(b)(3)(A) of the Bankruptcy Code at the hearing on this Motion. The
Committee has no objection to that relief being extended to the DST Committee.

## BACKGROUND

5.      On February 2, 2026 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases").

6.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On February 2, 2026, the Debtors filed their *Application to Employ Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent Effective as of the Petition Date* [Doc. No. 5] (the "Claims Agent Motion"). By the Claims Agent Motion, the Debtors sought to employ Epiq Corporate Restructuring, LLC ("Epiq") to, among other things, handle matters related to the administration of the claims filed against the Debtors.

8.      On February 4, 2026, the Debtors' Chief Restructuring Officer M. Benjamin Jones (the "CRO") filed his *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Doc. No. 33] (the "Jones Declaration").

9.      On February 25, 2026, the United States Trustee (the "UST") appointed the Committee. *See* Appointment of the Official Unsecured Creditors' Committee [Docket No. 161].

10.      Since its appointment, the Committee has adopted bylaws (the "Committee Bylaws") that contain numerous provisions designed to, among other things, protect confidential and/or privileged information, materials and communications produced by or related to the Committee, its members, and/or the Committee's retained professionals.

## RELIEF REQUESTED

11.      Section 1102(b)(3) of the Bankruptcy Code requires that "[a] committee appointed under subsection (a) shall (A) provide access to information for creditors who (i) hold claims of

4

the kind represented by that committee; and (ii) are not appointed to the committee . . . ." 11 U.S.C.

§ 1102(b)(3). However, both section 1102(b) and its legislative history are silent as to the type and

scope of information such official committees must provide.

12.     By this Motion, the Committee respectfully requests that the Court enter the

Proposed Order (i) clarifying the Committee's obligations to provide creditors with access to

privileged and confidential information under section 1102(b)(3)(A) of the Bankruptcy Code,

(ii) establishing uniform procedures for providing creditors access to information, and (iii)

granting related relief. To comply with its duties under section 1102(b)(3)(A) and (B) of the

Bankruptcy Code, the Committee proposes the following procedures (the "Creditor Information

Procedures"):

    a.    Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity, as defined in section 101(15) of the Bankruptcy Code, (i) information which another entity asserts is confidential, non-public, and/or proprietary (the "Confidential Information")[3] or (ii) information subject to attorney-client privilege, the work-product doctrine, or any other applicable privilege whether held solely by the Committee or as a joint or common-interest privilege with another entity (the "Privileged Information") without further order of the Court.

    b.    Information Obtained Through Discovery. Any information received by the Committee from any entity in connection with an examination under Rule 2004 or in connection with formal or informal discovery in any contested matter, adversary proceeding, or other litigation in this Case shall not be governed by the Proposed Order, but by any order governing such discovery, adversary proceeding, contested matter, or other litigation. Nothing in the Proposed Order shall obligate the Committee to provide any such information that the Committee obtains from third parties.

---

[3]    For purposes of this Motion, the term "Confidential Information" encompasses all information another entity asserts is confidential, non-public, and/or proprietary, including financial information; trade information; other research, development, marketing, pricing, or commercial information; and sensitive, private, or personal information. The Committee reserves its rights to challenge the designation of any materials as Confidential Information. Nothing herein shall be construed as a waiver or acknowledgement that specific documents or other materials are properly designated Confidential Information.

      c.      <u>Creditor Information Requests</u>. If a creditor who has demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court that it holds a claim of the kind represented by the Committee (the "<u>Requesting Creditor</u>") submits a written request to the Committee for information under section 1102(b)(3)(A) of the Bankruptcy Code (the "<u>Information Request</u>") the Committee shall, as soon as practicable provide a response to the Information Request (the "<u>Response</u>"). The Response shall either grant the Information Request and provide access to the information requested or deny the Information Request and provide the reason(s) the Committee cannot comply. If the Response denies the Information Request because the Committee determines the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) under the terms of the Proposed Order or under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because disclosure is prohibited under applicable law, (iii) because the Committee obtained the information pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may file a motion to compel disclosure consistent with Court's motion procedures. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee from objecting to such request) that the Committee provide a log or other index of any information specifically responsive to the Information Request that the Committee deems Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of the information the Committee deems Confidential Information or Privileged Information.

None of the above procedures are intended to limit the Committee members' ability to discuss information which is not privileged or confidential on an informal basis with creditors.

13.     In addition, to satisfy its fiduciary obligations in an efficient and effective manner, the Committee also seeks express authority, but not direction, in its sole discretion, to maintain certain information platforms, including, without limitation, a website or social media accounts as the Committee deems appropriate (collectively, the "<u>Committee Information Platforms</u>"), which will be hosted by the Committee's professional advisors or the Committee Information Agent, to the extent requested by the Committee's professional advisors, for the benefit of the Debtors' unsecured creditors.

6

14.     The Committee Information Platforms will be used to make non-confidential and non-privileged information, as determined by the Committee in its sole discretion, available to the Debtors' unsecured creditors that is either not otherwise readily available or that the Committee determines should be further highlighted for the Debtors' unsecured creditors. The Committee Information Platforms will serve as a resource for unsecured creditors, and keep unsecured creditors informed of the status of, and important deadlines related to, the Chapter 11 Cases. The Committee requests authorization to establish and maintain the Committee Information Platforms until such time as the Committee is dissolved, the Chapter 11 Cases are dismissed or converted, or the Court otherwise directs.

15.     Finally, the Committee seeks authorization to engage Epiq Corporate Restructuring, LLC ("Epiq") or a similar service provider to facilitate the relief requested herein.

### BASIS FOR RELIEF REQUESTED

16.     A statute is interpreted according to the ordinary meaning of its terms when "the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Sebelius v. Cloer*, 569 U.S. 369, 376, 380 (2013) (internal quotation omitted). When a statute is ambiguous, however, the intent of the drafter governs. *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989). The Committee respectfully submits that section 1102(b)(3)(A) of the Bankruptcy Code is ambiguous because the text does not provide any guidance as to the type or scope of information official committees are required to make available to their constituent creditors. Furthermore, the statute's lack of clarity risks significant delays and increased costs for the estate which are contrary to the statutory scheme of the Bankruptcy Code.

17.     First, uncertainty about what an official committee must disclose may impair the flow of information between it and other parties, including debtors. Official committees receive

Confidential Information from debtors and other parties as an ordinary part of their investigative process. Such information is essential to fulfilling an official committee's statutory purpose and its duties to its constituents, including investigating the debtor and its ability to reorganize, participating in the formulation of a plan, and advising its constituents on accepting or rejecting a plan. *See* 11 U.S.C. § 1103. The ambiguity of section 1102(b)(3)(A) might have a chilling effect on voluntary sharing of Confidential Information with official committees because an official committee may be required to provide Confidential Information to all its constituent creditors. Reducing voluntary information sharing with official committees has the potential knock-on effects of delaying resolution of the case and increasing litigation costs borne by the estate.

18.    Second, the dissemination of Confidential Information related to certain entities may also implicate other applicable law, including statutory and regulatory obligations, s*ee, e.g.*, 17 C.F.R. §§ 243.100 to 243.103 (2025) (securities regulations governing selective disclosure of material non-public information), and contractual rights. The Bankruptcy Code itself requires courts to prohibit the disclosure of certain information on the request of a party in interest. *See* 11 U.S.C. § 107(b). Bankruptcy Rule 9018 also contains a discretionary provision allowing courts to impose a similar prohibition *sua sponte. See also* 11 U.S.C. § 107(c) (permitting discretionary relief to protect personal identifying information).

19.    Finally, an expansive reading of section 1102(b)(3)(A) of the Bankruptcy Code could plausibly extend to Privileged Information. Such a reading could mandate that an official committee disclose information covered by attorney-client privilege, work-product doctrine, and other protective rules and doctrines. Not only could this outcome limit an official committee's ability to work with other parties, but it could also prevent counsel from effectively communicating with and advising her client.

20.     While an official committee's constituency should have ready access to relevant information about a debtor, based on the statutory conflicts and impediments to the operation of the bankruptcy system described above Congress could not have reasonably intended that access to be unfettered. The Creditor Information Procedures are consistent with Congress's intent, as demonstrated in section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018—a strong indication that the Court should protect Confidential Information and Privileged Information from disclosure under section 1102(b)(3)(A) of the Bankruptcy Code.

21.     Additionally, the Court has authority under section 105(a) of the Bankruptcy Code to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits that the relief requested in this Motion is necessary to the fulfillment of the Committee's statutory purpose and duties under section 1102(b)(3)(A) and (B) and is consistent with other provisions of the Bankruptcy Code and the Bankruptcy Rules.

22.     The Creditor Information Procedures are narrowly tailored to ensure that the Committee's constituents have access to relevant information while protecting the interests of the Debtor, the Committee, and the estate as a whole. Other bankruptcy courts in the Fifth Circuit and across the country that have considered this issue have granted relief similar to that requested by the Committee. *See, e.g.*, *In re The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (Bankr. E.D. La. Jan. 19, 2021); *In re Sanchez Energy Corp.*, Case No. 19-34508 (Bankr. S.D. Tex. Nov. 15, 2019); *In re iHeartMedia, Inc.*, Case No. 18-31274 (Bankr. S.D. Tex. May 15, 2018); *see also In re Nat'l Air Cargo, Inc.*, Case No. 14-12414 (Bankr. W.D.N.Y. Jan. 27, 2015); *In re Namco, LLC*, Case No. 13-10610 (Bankr. D. Del. May 22, 2013).

23.     Similarly, establishing and maintaining Committee Information Platforms will help ensure that the Committee's constituents have access to relevant information. The Committee's

9

Information Platforms will be limited to publishing public information about these chapter 11 cases, which will not harm the interests of the Debtors, the estates, or any other party in interest.

24.     Similarly, the Committee believes that the appointment of a Committee Information Agent (which may be Epiq Corporate Restructuring, LLC ("Epiq")), will assist the Committee in complying with its obligations under Bankruptcy Code section 1102(b)(3), add to the effective administration of the Chapter 11 Cases, and reduce the overall expense of administering the Chapter 11 Cases. In furtherance thereof, the Committee seeks authority to utilize the Committee Information Agent to assist the Committee and its professional advisors with (a) the Committee Information Platforms and communications plans, including establishing and maintaining a website for the benefit of the Debtors' unsecured creditors, and (b) noticing and serving filings made on behalf of the Committee.

### EMERGENCY CONSIDERATION

25.     In accordance with the Local Bankruptcy Rules and the Complex Case Procedures, the Committee requests emergency consideration of the Motion. The Committee's Bar Date Motion is currently set to be heard on June 2, 2026 at 1:30. If granted, the Committee will have an urgent need to alert unsecured creditors regarding the impending Bar Date and judicial economy warrants setting this Motion at the same time. Immediate relief is also necessary because the

10

current Bar Date of June 15, 2026, is rapidly approaching while creditors still lack key information

required to evaluate and file their claims.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Committee respectfully requests entry

of the Proposed Order and granting such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

11

Dated: May 28, 2026.                    Respectfully submitted,

                                        **GREENBERG TRAURIG, LLP**

                                        By:  */s/ James T. Grogan III*
                                        Shari L. Heyen (Tex. Bar No. 09564750)
                                        James T. Grogan III (Tex. Bar. No. 24027354)
                                        1000 Louisiana Street, Suite 6700
                                        Houston, Texas 77002
                                        Telephone: (713) 374-3500
                                        Facsimile: (713) 374-3505
                                        Emails: Shari.Heyen@gtlaw.com
                                                James.Grogan@gtlaw.com

                                        – and –

                                        Jared R. Weir (Tex. Bar No. 24075253)
                                        2200 Ross Avenue, Suite 5200
                                        Dallas, Texas 75201
                                        Telephone: (214) 665-3600
                                        Facsimile: (214) 665-3601
                                        Email: Jared.Weir@gtlaw.com

                                        – and –

                                        David B. Kurzweil (Admitted *Pro Hac Vice*)
                                        Terminus 200
                                        3333 Piedmont Road NE, Suite 2500
                                        Atlanta, Georgia 30305
                                        Telephone: (678) 553-2100
                                        Facsimile: (678) 553-2212
                                        Email: KurzweilD@gtlaw.com

                                        ***Counsel to the Official***
                                        ***Committee of Unsecured Creditors***

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, a true and correct copy of the foregoing document was served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

By: */s/ James T. Grogan III*
James T. Grogan III

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Bankruptcy Rule 9007-1(f) and paragraph 34 of the Complex Case Procedures, on May 28, 2026, counsel for the Committee, specifically James Grogan, attempted to confer by email correspondence on two occasions with counsel for the Debtors, specifically Marcus Helt, Jack Haake and Debbie Green, regarding the relief requested in this Motion, but Debtors' counsel has not yet responded. In addition, James Grogan conferred by email correspondence and on an online meeting platform with Steve Levitt, proposed counsel to the DST Committee, who indicated that he has no objection to the Motion being heard on an expedited basis.

By: */s/ James T. Grogan III*

13