**GREENBERG TRAURIG, LLP**
Shari L. Heyen (Tex. Bar No. 09564750)
James T. Grogan III (Tex. Bar No. 24027354)
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Emails: Shari.Heyen@gtlaw.com
James.Grogan@gtlaw.com

**GREENBERG TRAURIG, LLP**
Jared R. Weir (Tax. Bar No. 24075253)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: Jared.Weir@gtlaw.com

**GREENBERG TRAURIG, LLP**
David B. Kurzweil (Admitted *Pro Hac Vice*)
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: KurzweilD@gtlaw.com

***Counsel to the Official Committee of Unsecured Creditors***

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | Case No. 26-90004 (MXM) |
| | (Jointly Administered) |
| Debtors. | Re: Dkt. Nos. 510 & 624 |

**DECLARATION OF PATRICK THIBAUDEAU IN SUPPORT OF (A) EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING THE PRODUCTION OF DOCUMENTS BY DEBTORS AND (B) AMENDED EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) EXTENDING THE**

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

**GENERAL BAR DATE, (II) APPROVING THE FORM, MANNER, AND PROCEDURE FOR FILING PROOFS OF CLAIM BY UNSECURED CREDITORS AND (III) GRANTING RELATED RELIEF**

I, Patrick Thibaudeau, pursuant to 28 U.S.C. § 1746, hereby submit this declaration (the "Declaration") and declare as follows:

1. My name is Patrick Thibaudeau. I am over the age of eighteen and competent to testify to the matters set forth herein. The statements contained in this Declaration are based upon my personal knowledge as well as information made available to me in connection with the administration of these chapter 11 cases.

2. I am the Chairperson of Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases.

3. This Declaration is submitted in connection with the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Directing the Production of Documents by Debtors* [Docket No. 510] (the "Rule 2004 Motion") and the *Amended Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Extending the General Bar Date, (II) Approving the Form, Manner, and Procedure for Filing Proofs of Claim by Unsecured Creditors and (III) Granting Related Relief* [Docket No. 624] (the "Bar Date Motion").[2]

4. I have reviewed the claims process in these cases, and I am aware that the Court has established June 15, 2026 as the general bar date in these cases (the "Bar Date").

5. Based on my attempts to participate in the claims filing process, creditors are currently required to file proofs of claim either electronically through the claims agent's website

[2] Capitalized terms not specifically defined herein shall have the meanings set forth in the Bar Date Motion.

or by submitting paper forms, and must include certain required information, including identifying the specific Debtor entity or entities against which the claim is asserted.

6. When I visited the claims agent's website to review the claims filing process, there were differences between the proof of claim form that is available for downloading and the claim form that a creditor would fill out for online submission. Specifically, during my review of the available claim forms, I identified material inconsistencies between the proof of claim form available for download and the online proof of claim submission through the claims agent's website. The downloadable proof of claim form requires creditors in Part 2, Question 8 to describe the basis of their claim, but there are no categories to choose from to describe the basis of the claim. By contrast, the online submission form replaces this requirement with a dropdown menu that requires claimants to select from predefined categories describing the basis of the claim. This discrepancy is confusing because, while the predefined categories on the claims agent's website are very helpful, it would be difficult for a creditor to reflect those categories on the downloadable form and it is unclear which submission method is correct. I am also concerned that claimants will be providing different or less detailed information depending on which submission method they use.

7. These issues, when combined with the complexity of the Debtors' organizational structure and the large number of affiliated Debtor entities, make it difficult for creditors to confidently and accurately prepare and submit proofs of claim.

8. Furthermore, there have been numerous and consistent inquiries from creditors regarding the claims filing process and the Bar Date. These inquiries include questions regarding how to complete a proof of claim, what supporting information is required, and how to determine

the correct Debtor entity or entities. The volume and consistency of these inquiries indicate that confusion is widespread and not isolated to any particular subset of creditors.

9. In addition, certain third-party communications from Emerson Equity LLC ("Emerson")[3] directed to creditors have contributed to this confusion. For example, Emerson circulated communications advising certain creditors not to submit proofs of claim and suggesting that a third party may undertake the claims filing process on creditors' behalf (the "Emerson Correspondence"). A true and correct copy of the Emerson Correspondence is attached as Exhibit B to the Bar Date Motion.

10. Separately, Emerson distributed a letter addressed to the "Inspired Healthcare Investors Group," indicating that it would provide certain investors with guidance and administrative assistance in preparing proofs of claim, while also stating that investors remain responsible for reviewing and timely submitting their claims (the "Emerson Letter"). A true and correct copy of the Emerson Letter is attached hereto as **Exhibit A**.

11. In addition to these communications with creditors, Emerson hosted an approximately two (2) hour webinar on May 21, 2026, after which it distributed to creditors numerous sample proof of claim forms that have not been approved by the Court, the Debtors, the Committee or the Official Committee of Delaware Statutory Trust Investors, further contributing to the confusion among creditors in these cases.

12. These communications by Emerson are inconsistent with the requirements established by the Court and have created uncertainty among creditors regarding their obligations and deadlines.

---

[3] Emerson served as a prepetition broker-dealer to assist the Debtors in fundraising activities through the marketing and sale of securities.

13. Based on the foregoing factors, there is a substantial risk that creditors may fail to timely or correctly file proofs of claim due to confusion rather than inaction.

14. Without appropriate relief, including an extension of the Bar Date and clarification or modification of the claims filing procedures, creditors may be prejudiced and risk losing their ability to assert claims solely due to procedural or technical deficiencies arising from this confusion.

15. In light of the foregoing, modifications to the claims filing process, including additional time and clearer procedures, are necessary to ensure that creditors are afforded a fair and meaningful opportunity to assert their claims in these cases.

I declare under penalty of perjury that, to the best of my knowledge and belief, that the foregoing is true and correct.

Dated: May 29, 2026.

By: */s/ Patrick Thibaudeau*
Patrick Thibaudeau, solely in his capacity as a Chairperson of the Official Committee of Unsecured Creditors of Inspired Healthcare Capital Holdings, LLC, et al.

# **Exhibit A**

The Emerson Letter