CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 4, 2026**

**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER (I) EXTENDING THE GENERAL BAR DATE, (II) APPROVING THE FORM, MANNER, AND PROCEDURE FOR FILING PROOFS OF CLAIM BY UNSECURED CREDITORS AND (III) GRANTING RELATED RELIEF**

Upon the amended emergency motion of the Committee pursuant to Bankruptcy Rules 3003(c)(3) and 9006(b)(1) for an order extending the General Bar Date and implementing the

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

Proof of Claim Filing Procedures (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The General Bar Date is extended to **August 14, 2026**.

3. The following procedures shall apply to each unsecured creditor, holder of a beneficial trust interest, or equity-security interest holder (each a "Claimant") that files a proof of claim or proof of interest against any Debtor (the "Claim Procedures"):

a. Each Claimant shall file a proof of claim or proof of interest (each, a "Proof of Claim") for any claims or interests relating to or arising out of their interactions and transactions with any of the Debtors, in which such Claimant shall make a good faith effort to identify, to the best of the Claimant's knowledge and belief, (i) the specific Debtor or Debtors against which the Claimant asserts a claim or interest (the "Primary Debtor

[2] Capitalized terms not specifically defined herein shall have the meanings set forth in the Motion.

Obligor(s)") and (ii) the specific amounts owed by such Primary Debtor Obligor(s), if known;

b. Each Claimant shall make a good faith effort to file sufficient applicable instruments, agreements, and other supporting documentation ("POC Support") in support of such Claimant's claim; *provided, however* that the failure to file such POC Support by the bar date shall not invalidate such Claimants' Proof of Claim if such Claimant provides sufficient POC Support upon written request as part of the claims reconciliation process;

c. Claimants that make a good faith effort to comply with paragraphs 3(a) and (b) herein shall be provided 30 days from the date they receive a written objection to their Proof of Claim to amend their Proof of Claim to cure any alleged deficiencies, including to provide appropriate POC Support;

d. Claimants that make a good faith effort to comply with paragraphs 3(a) and (b) herein shall be deemed to have asserted contingent, unliquidated claims against every other Debtor for any potential claim and cause of action relating to any comingling, intercompany transfer or transaction, breach of fiduciary duty, fraud, securities fraud, breach of contract, or other alleged claims and causes of action relating to alleged misconduct by the Debtors, the Debtors' insiders, and/or the Debtors' current and former directors, officers, employees, agents, affiliates, members, partners, shareholders, representatives or advisors (collectively, the "Deemed Claims"); and

e. The Committee is hereby authorized to file a motion or motions seeking the estimation and allowance (whether temporary or otherwise) on behalf of general unsecured creditors holding Deemed Claims, including estimation and allowance of the amount of such claims for voting, distribution, and/or other purposes under Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, as the case may be; *provided* that all parties' rights are reserved regarding any future liquidation of such Deemed Claims, including with respect to the estimation of the amount of such Deemed Claims for voting, distribution, and/or other purposes; *provided further* that the effect and treatment of such Deemed Claims for plan voting purposes shall be determined by further Court order, and all parties' rights are reserved regarding such issue.

f. The DST Committee is hereby authorized to file a motion or motions seeking the estimation and allowance (whether temporary or otherwise) on behalf of Delaware Statutory Trust ("DST") investors holding Deemed Claims, including estimation and allowance of the amount of such claims for voting, distribution, and/or other purposes under Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, as the case may be; *provided* that all parties' rights are reserved regarding any future liquidation of such Deemed Claims, including with respect to the estimation of the amount of such Deemed Claims for voting, distribution, and/or other purposes;

*provided further* that the effect and treatment of such Deemed Claims for plan voting purposes shall be determined by further Court order, and all parties' rights are reserved regarding such issue

4. Notwithstanding the foregoing, nothing contained herein shall be deemed to (a) determine the ultimate liability of any Debtor with respect to such claim, (b) determine whether such claim is allowed, or (c) fix the amount of any such claim. Any allocation of such claim among the Debtors or to a specific Debtor, as well as any challenge to allowance or amount of the claim, shall be expressly reserved and shall be addressed through the claims reconciliation, estimation, temporary allowance and objection processes.

5. Notwithstanding anything in this Order to the contrary, Claimants in the applicable Debtors' bankruptcy cases holding multiple accounts, funds, investments, or related transactions may elect to file in the applicable Debtors' bankruptcy case either (a) separate proofs of claim for each investment or transaction; or (b) a single consolidated Proof of Claim identifying all applicable Debtors and all such investments or transactions; *provided that* if a Claimant files a single consolidated Proof of Claim they shall comply with paragraphs 3(a) and (b) herein.

6. Any person or entity (excluding governmental units (as defined in section 101(27) of the Bankruptcy Code)) asserting claims against any of the Debtors is required to file a Proof of Claim on or before the General Bar Date, except as expressly provided herein:

a. Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

b. Any claim held by a Debtor against another Debtor;

c. For the avoidance of doubt, the foregoing exemptions from the obligation to file a Proof of Claim do not apply to (i) any of the Debtors' insiders who are individuals, including controlling shareholders, and current or former officers, directors, managers, members, trustees, attorneys, or similar

individuals; and (ii) Realty Cap Advisors, LLC. Such entities must file a timely Proof of Claim to avoid being forever barred from asserting such claim(s).

7. The Master Proof of Claim Form attached to this Order as Exhibit 1 is approved. The Master Proof of Claim is intended solely for the purpose of administrative convenience and shall not affect the right of each Claimant (or its successors in interest) to vote separately by respective classes on any plan proposed in these Chapter 11 Cases or for parties-in-interest to challenge such Claimant's right to vote in a particular class.

8. The Notice of Extension of General Bar Date attached to this Order as Exhibit 2 is approved.

9. The Debtors shall, within three (3) days of entry of this Order, distribute via first class mail to all Claimants and make available on the Claims Agent's website, https://dm.epiq11.com/case/ihcare/info, (a) the Master Proof of Claim Form and (b) the Notice of Extension of General Bar Date.

10. The Debtors shall, within three (3) days of entry of this Order, ensure that the electronic proof of claim form made available through the Claims Agent's online portal, located at https://dm.epiq11.com/case/ihcare/info, is substantially the same as the Master Proof of Claim Form available for download.

11. The Debtors shall, within three (3) days of entry of this Order, ensure that the Claims Agent's website, https://dm.epiq11.com/case/ihcare/info, includes a link allowing Claimants to upload completed Proofs of Claim in PDF format without requiring use of the online claim portal. Any such uploaded PDF shall be deemed the operative filing, and the Claims Agent is hereby directed to provide confirmation of receipt for each submission.

12. The Claims Agent shall provide email confirmation of receipt to Claimants who submit electronic Proof of Claim forms through the online portal within a reasonable time following submission of such forms.

13. The Claims Agent shall provide confirmation of receipt for Proofs of Claim and Proofs of Interests submitted by U.S. first class mail, overnight delivery, or hand delivery, provided that the claimant submits (i) a copy of the Proof of Claim and/or Proof of Interest Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope, within a reasonable time following submission of such forms.

14. The Claims Agent shall provide email confirmation of receipt to Claimants who upload completed Proofs of Claim and/or Proofs of Interest in PDF format through the Claims Agent's website link.

15. Any creditor that has previously filed a proof of claim in any of these Chapter 11 Cases shall not be required to file an additional proof of claim. A Claimant that previously filed a Proof of Claim that complies with paragraphs 3(a) and 3(b) herein shall be entitled to the relief and protections provided herein, including but not limited to, paragraphs 3(c) and 3(d).

16. Notwithstanding anything to the contrary in the Motion or this Order, except to the extent of Rule 3001(f), nothing in this Order shall be construed to support, validate or otherwise constitute evidence of any particular legal theory, defense, claim or cause of action against or by any party in interest, including substantive consolidation; rather, the purpose of this Order is solely to facilitate the filing of proofs of claims and interests.

17. The Debtors, Committee, and DST Committee are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order, and Committee and

DST Committee are authorized to communicate the contents of, and otherwise distribute, this Order to their respective constituencies.

18. This Court shall retain jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement, and enforce the provisions of this Order.

**### END OF ORDER ###**

Jointly Prepared and presented by:

By: /s/ James T. Grogan III
Shari L. Heyen (Tex. Bar No. 09564750)
James T. Grogan III (Tex. Bar. No. 24027354)
**Greenberg Traurig, LLP**
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Emails: Shari.Heyen@gtlaw.com
James.Grogan@gtlaw.com

– and –

Jared R. Weir (Tex. Bar No. 24075253)
**Greenberg Traurig, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: Jared.Weir@gtlaw.com

– and –

David B. Kurzweil (Admitted *Pro Hac Vice*)
**Greenberg Traurig, LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: KurzweilD@gtlaw.com

***Counsel to the Official***
***Committee of Unsecured Creditors***

*- and -*

/s/ Steven J. Levitt
Steven J. Levitt (TX SBN 24092690)
Brent R. McIlwain (TX SBN 24013140)
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel.: (214) 969-1700
Email: Steven.Levitt@hklaw.com
Email: Brent.Mcilwain@hklaw.com

Tyler N. Layne (TN SBN 033401) (*pro hac vice pending*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel: 615-850-8159
Email: Tyler.Layne@hklaw.com

***Proposed Co-Counsel for the Official Committee of Delaware Statutory Trust (DST) Investors***

*-and-*

Joseph M. Coleman (SBN 04566100)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jcoleman@krcl.com
Email: jdabera@krcl.com

Mark C. Taylor (SBN 19713225)
Morris D. Weiss (TX SBN 21110850)
Jason B. Binford (TX SBN 24045499)
**KANE RUSSELL COLEMAN LOGAN PC**
401 Congress Ave., Suite 2100
Austin, Texas 78701
Tel.: (512) 487-6650
Email: mtaylor@krcl.com
mweiss@krcl.com
jbinford@krcl.com

***Proposed Co-Counsel for the Official Committee of Delaware Statutory Trust (DST) Investors***

**Exhibit 1**

Master Proof of Claim Form

Debtors:* ______________________________

United States Bankruptcy Court for the: Northern District of Texas

Case Number(s):* ______________________________

*A list of the Debtors and case numbers associated with each Debtor can be found at the Claims Agent's website: https://dm.epiq11.com/case/ihcare/info

# Master Proof of Claim or Interest (Unsecured Creditor, Beneficial Delaware Statutory Trust Interest Holder, and/or Equity Holder)

**Read the instructions before filling out this form. This form is for making a claim for payment or proving an interest in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim or interest, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim or interest as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received. You may consolidate all claims or interests you assert against the Debtors in this form, including claims or interests you may hold under multiple accounts with the Debtors. Identify the total amount of all of your claims or interests in Question 7 and the basis of your claims or interests in Question 8 of this form.**

**This Master Proof of Claim is only to be used for unsecured claims, beneficial trust interests, and equity interests. If you hold a secured claim against the Debtors, a different form must be used.**

## Identify the Claim or Interest

**1. Who is the current creditor, beneficial Delaware Statutory Trust interest holder, or equity holder?**

______________________________
Name of the current creditor, beneficial Delaware Statutory Trust interest holder, or equity holder (the person or entity to be paid for this claim or interest)

Other names the creditor used with the debtors ______________________________

**2. Has this claim or interest been acquired from someone else?**

❑ No
❑ Yes. From whom? ______________________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name | Name |
| Number Street | Number Street |
| City State ZIP Code | City State ZIP Code |
| Contact phone ______________ | Contact phone ______________ |
| Contact email ______________ | Contact email ______________ |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this proof of claim or interest amend one already filed?**

❑ No
❑ Yes. Claim number on court claims registry (if known) _______ Filed on ______________ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim or interest?**
- ❑ No
- ❑ Yes. Who made the earlier filing? ____________________

**Give Information About the Claim or Interest as of the Date the Case Was Filed**

6. **Do you have an account number or other number you use to identify the debtors?**
- ❑ No
- ❑ Yes. Last 4 digits of the debtors' account or any number you use to identify the debtor: ____ ____ ____ ____

If you hold multiple accounts with the Debtors, you may file a single consolidated claim, but please identify the last 4 digits of all of your accounts. Attach additional pages if necessary. You may also file a separate Master Proof of Claim for each of your accounts if you choose to do so.

7. **What is the total amount of money you believe the Debtors owe you for all claims or interests you hold against them?** $____________________.

8. **What is the basis of your claims or interests? (Check all that apply)**

- ❑ Bondholder/Noteholder
- ❑ Delaware Statutory Trust Beneficial Interest
- ❑ Breach of Contract
- ❑ Goods Sold/Services Performed (Trade)
- ❑ Goods Sold in 20 days 503(b)(9)
- ❑ Reclamation Demands 546(c)
- ❑ Employee Claims
- ❑ Money Loaned
- ❑ Lease
- ❑ Purchase Agreement
- ❑ Personal Injury/Workers Comp
- ❑ Resident Injury/Litigation
- ❑ Non-Resident Litigation
- ❑ Fraud, misrepresentation, or unfair or deceptive acts and practices by the Debtors
- ❑ Contingent or unliquidated claims
- ❑ Rejection Damages
- ❑ Indemnification
- ❑ Legal Fees
- ❑ Tax
- ❑ Other Basis__________________________________.

Documents supporting the claim or interest (including applicable contracts, agreements, invoices, and instruments) that are sufficient to identify which Debtor(s) owe the claim or interest, the nature of the claim or interest, and the amount owed by each Debtor should be attached to this Proof of Claim.

Redact or otherwise limit disclosing any information that is entitled to privacy, such as health care information.

9. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**
- ❑ No
- ❑ Yes. *Check one:*

**Amount entitled to priority**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

- ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $____________
- ❑ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $____________
- ❑ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $____________
- ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $____________
- ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $____________
- ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. $____________

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ❑ I am the creditor, beneficial interest holder, or equity holder.
- ❑ I am the creditor, beneficial interest holder, or equity holder's attorney or authorized agent.
- ❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________
MM / DD / YYYY

______________________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name ______________________________
First name Middle name Last name

Title ______________________________

Company ______________________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ______________________________
Number Street

______________________________
City State ZIP Code

Contact phone ______________ Email ______________

# Instructions for Master Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152,157 and 3571.

**How to fill out this form**

- **Fill in all of the information about the claim or interest as of the date the case was filed.**

- **If the claim or interest has been acquired from someone else, then state the identity of the last party** who owned the claim or interest or was the holder of the claim or interest and who transferred it to you before the initial claim or interest was filed.

- **Supporting documents for your claim or interest.**
You should attach redacted copies of any documents that are sufficient to identify which Debtor(s) owe the claim or interest, the nature of your claim or interest, and the amount owed by each Debtor. (See the definition of *redaction* on the next page.)

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim or interest is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

**Confirmation that the claim or interest has been filed**

a. Claimants who submit their Proofs of Claim through the online portal, https://dm.epiq11.com/case/ihcare/info, on the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims Agent"), will receive an email confirmation from the Claims Agent within a reasonable time after submission.

b. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent by mail or hand delivery must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

**Understand the terms used in this form**

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**503(b)(9):** A 503(b)(9) claim arises under Section 503(b)(9) of the U.S. Bankruptcy Code, which allows creditors who supplied goods to a debtor shortly before a bankruptcy filing to receive administrative expense priority. This means these claims are paid before general unsecured claims, giving suppliers a better chance of full recovery, even when other creditors may only receive partial payment.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim or interest is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the Debtors or someone else in interest objects to the claim or interest.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Equity Interest**: any right arising from any capital stock and any equity security in any of the Debtor. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated stock or similar security, (b) interest of a limited partner in a limited partnership, or (c) warrant or right other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Offers to purchase a claim or interest**

Certain entities purchase claims or interests for an amount that is less than the face value of the claims or interests. These entities may contact creditors or equity interest holders offering to purchase their claims or interests. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor or equity interest holder has no obligation to sell its claim or interest. However, if a creditor or equity interest holder decides to sell its claim or interest, any transfer of that claim or interest is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Exhibit 2**

Notice of Extension of General Bar Date

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AMENDED NOTICE OF (I) EXTENDED DATE BY WHICH CLAIMANTS MUST FILE PROOFS OF CLAIMS OR INTERESTS; AND (II) PROCEDURES FOR FILING PROOFS OF CLAIMS AND INTERESTS AGAINST THE DEBTORS**

**TO:** All persons and entities who may have unsecured claims, beneficial Delaware Statutory Trust interests, and/or equity interests (collectively, "Claimants") in or against Inspired Healthcare Capital Holdings, LLC and its affiliates and subsidiaries that are debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors").

# THE DEADLINE TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST IS AUGUST 14, 2026 AT 5:00 P.M. (PREVAILING CENTRAL TIME).

**FREQUENTLY ASKED QUESTIONS - PLEASE CAREFULLY READ**[2]

1. **What is this document?** This document notifies creditors and other parties in these cases that the Court has extended the deadline to file a proof of claim or proof of interest. The Notice also explains who should file a claim, when it must be filed, and how to file it. For convenience, attached hereto is a Master Proof of Claim Form and the Court's order approving the claim filing procedures.

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

[2] Capitalized terms used in this section but not otherwise defined have the meanings ascribed to them in the Notice.

2. **Why am I receiving this notice?** You are receiving this notice because the Debtors' records indicate that you may have a claim or interest in these Chapter 11 Cases, or you may otherwise be a party who should know about the deadline to file a claim. In general, if you believe any of the Debtors, among other things, owed you money, held your funds, caused you damages, or you otherwise have rights arising from dealings with the Debtors before February 2, 2026, you may need to file a proof of claim. *See* Notice, p. 4.

3. **What is a "Proof of Claim"?** A Proof of Claim is a written statement that explains who you are, which Debtor or Debtors you believe owe you money, how much you believe you are owed, if known, and why you believe you have a claim. You should make a good faith effort to attach documents supporting your claim if you have them, such as contracts, account statements, invoices, promissory notes, transfer records, correspondence, or other documents showing the basis for your claim. Because Proofs of Claim are filed on the public docket, you should ensure that all personally identifiable information is properly redacted before filing the Proof of Claim.

4. **Why is filing a Proof of Claim important?** Filing a Proof of Claim is important because it helps preserve your rights in these Chapter 11 Cases. If you are required to file a Proof of Claim and do not do so by the deadline, you may be forever barred from asserting that claim against (or receiving any distribution on account of your claims from) the Debtors.

5. **Who must file a Proof of Claim?** In general, any person or entity who believes they are owed money from or have an interest in any of the Debtors (including a Delaware Statutory Trust interest) that arose before February 2, 2026 must file a Proof of Claim by the **August 14, 2026 at 5:00 p.m. (prevailing Central Time)**. *See* Notice, p. 5. If you have already filed a Proof of Claim, you do not need to file a new Proof of Claim (though you may amend your proof of claim to attach additional documentation or otherwise make corrections regarding, among other things, which Debtor(s) owe you money or how much you are owed).

6. **When is the deadline to file a Proof of Claim?** The deadline to file a Proof of Claim for most non-governmental claimants is **August 14, 2026 at 5:00 p.m. (prevailing Central Time)**. This deadline is called the General Bar Date. If your claim arose before the February 2, 2026 petition date, and no exception applies, your Proof of Claim must be filed by that deadline. *See* Notice, p. 5.

7. **How do I file my Proof of Claim?** Proofs of Claim may be filed in one of the following ways:
   i. Submit electronically through the claims portal (you will input the information directly into the portal) at: https://dm.epiq11.com/case/ihcare/info.
   ii. Upload a completed proof of claim form (a form of the Master Proof of Claim is attached) in PDF format at: https://dm.epiq11.com/case/ihcare/info.
   iii. By mail or hand-delivery the completed proof of claim form to addresses provided below. *See* Notice, p. 5-6.

**Important: Proofs of Claim submitted by facsimile or email will not be accepted.**

8. **Where can I find more information?** You can find additional information at the Debtors' website: https://dm.epiq11.com/case/ihcare/info. You may also contact Epiq by email at: InspiredHealthCareInfo@epiqglobal.com.

**PLEASE TAKE NOTICE THAT:**

On February 2, 2026 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court").

On May 7, 2026, the Unsecured Creditors' Committee filed its *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Extending the General Bar Date, (II) Approving the Form, Manner, and Procedure for Filing Proofs of Claim by Unsecured Creditors and (III) Granting Related Relief* [Docket No. 575] and the *Notice of Filing Amended Exhibits* [Docket No. 576] (collectively, the "Original Motion").

On May 11, 2026, the Unsecured Creditors' Committee filed its *Amended Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Extending the General Bar Date, (II) Approving the Form, Manner, and Procedure for Filing Proofs of Claim by Unsecured Creditors and (III) Granting Related Relief* [Docket No. 624] (the "Motion").

On [•], 2026, the Court entered an order (the "Order")[3] granting the Motion and extending the deadline by which Claimants of the Debtors must file proofs of claims or interests ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Master Proof of Claim Form and the Order, which sets for the procedures for filing a claim or interest against the Debtors. The Master Proof of Claim is intended solely for the purpose of administrative convenience and shall not affect the right of each Claimant (or its successors in interest) to vote separately by respective classes on any plan proposed in these Chapter 11 Cases or for parties-in-interest to challenge such Claimant's right to vote in a particular class.

Pursuant to the Order, Claimants shall file a proof of claim or proof of interest (each, a "Proof of Claim") for any claims or interests relating to or arising out of their interactions and transactions with any of the Debtors in which such Claimant makes a good faith effort to identify, to the best of the Claimant's knowledge and belief, the specific Debtor or Debtors against which the Claimant asserts a claim or interest (the "Primary Debtor Obligor(s)") and the specific amounts owed by such Primary Debtor Obligor(s), if known.

Each Claimant shall further make a good faith effort to file sufficient applicable instruments, agreements, and other supporting documentation ("POC Support") in support of such

[3] Capitalized terms used but not otherwise defined in this Notice shall have the meanings ascribed to them in the Order.

Claimant's claim; *provided, however* that the failure to file such POC Support by the bar date shall not invalidate such Claimants' Proof of Claim if such Claimant provides sufficient POC Support upon written request as part of the claims reconciliation process.

Claimants that make a good faith effort to comply with paragraphs 3(a) and (b) of the Order shall be provided 30 days from the date they receive a written objection to their Proof of Claim to amend their Proof of Claim to cure any alleged deficiencies, including to provide appropriate POC Support.

Claimants that comply with paragraphs 3(a) and (b) of the Order shall also be deemed to have asserted contingent, unliquidated claims against every other Debtor for any potential claim and cause of action relating to any comingling, intercompany transfer or transaction, breach of fiduciary duty, fraud, securities fraud, breach of contract, or other alleged claims and causes of action relating to alleged misconduct by the Debtors, the Debtors' insiders, and/or the Debtors' current and former directors, officers, employees, agents, affiliates, members, partners, shareholders, representatives or advisors (collectively, the "Deemed Claims").

The Unsecured Creditors Committee is authorized to file a motion or motions at a later date that will seek the estimation and allowance (whether temporarily for voting purposes or for distribution purposes) on behalf of general unsecured creditors holding Deemed Claims, including estimation and allowance of the amount of such claims for voting, distribution, and/or other purposes under Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, as the case may be; *provided that* all parties' rights are reserved regarding any future liquidation of such Deemed Claims, including with respect to the estimation of the amount of such Deemed Claims for voting, distribution, and/or other purposes; *provided further* that the effect and treatment of such Deemed Claims for plan voting purposes shall be determined by further Court order, and all parties' rights are reserved regarding such issue.

Similarly, the DST Committee is authorized to file a motion or motions at a later date that will seek the estimation and allowance (whether temporarily for voting purposes or for distribution purposes) on behalf of Delaware Statutory Trust ("DST") investors holding Deemed Claims, including estimation and allowance of the amount of such claims for voting, distribution, and/or other purposes under Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, as the case may be; *provided that* all parties' rights are reserved regarding any future liquidation of such Deemed Claims, including with respect to the estimation of the amount of such Deemed Claims for voting, distribution, and/or other purposes; *provided further* that the effect and treatment of such Deemed Claims for plan voting purposes shall be determined by further Court order, and all parties' rights are reserved regarding such issue.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. An equity interest is any right arising from any capital stock

and any equity security in any of the Debtors. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated stock or similar security, (b) interest of a limited partner in a limited partnership, or (c) warrant or right other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above.

## I. THE GENERAL BAR DATE

Except as expressly set forth in this Notice, all Claimants (except governmental units) holding unsecured claims against or interests in the Debtors that arose prior to the Petition Date, are required to file Proofs of Claim by **August 14, 2026 at 5:00 p.m. (prevailing Central Time)** ("General Bar Date"). Except as expressly set forth in this Notice and the Order, this General Bar Date applies to all types of unsecured claims against and interests in the Debtors that arose prior to the Petition Date, including claims based on goods sold to the Debtors, services performed for the Debtors, money loaned or transferred to the Debtors, or any other claims for damages you may hold against the Debtors.

## II. WHO MUST FILE A PROOF OF CLAIM BY THE GENERAL BAR DATE

Any person or entity (excluding governmental units (as defined in section 101(27) of the Bankruptcy Code)) asserting claims against or interests in any of the Debtors is required to file a Proof of Claim on or before the General Bar Date, except as expressly provided herein:

i. Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

ii. Any claim held by a Debtor against another Debtor; or

iii. For the avoidance of doubt, the foregoing exemptions from the obligation to file a Proof of Claim do not apply to (i) any of the Debtors' insiders who are individuals, including controlling shareholders, and current or former officers, directors, managers, members, trustees, attorneys, or similar individuals; and (ii) Realty Cap Advisors, LLC. Such entities must file a timely Proof of Claim to avoid being forever barred from asserting such claim(s).

Any creditor that has previously filed a Proof of Claim in any of these Chapter 11 Cases shall not be required to file an additional Proof of Claim. A Claimant that previously filed a Proof of Claim that complies with paragraphs 3(a) and 3(b) of the Order shall be entitled to the relief and protections provided therein.

## III. HOW TO FILE A PROOF OF CLAIM

For your convenience, enclosed with this Notice is a Master Proof of Claim Form. The Master Proof of Claim Form is also available online at https://dm.epiq11.com/case/ihcare/info.

Each Proof of Claim must be submitted to the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims Agent"), in one of the following ways:

i. by electronic submission through the interface available at https://dm.epiq11.com/case/ihcare/info;

ii. upload a completed Proof of Claim Form in PDF format using the upload link available at https://dm.epiq11.com/case/ihcare/info; or

iii. if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Inspired Healthcare Capital Holdings, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4420
Beaverton, OR 97076-4420

**If by Hand Delivery or Overnight Mail:**
Inspired Healthcare Capital Holdings, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

i. Contents. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially to the Master Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

ii. Electronic Signatures Permitted. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant will be deemed acceptable for purposes of claims administration.

iii. Receipt of Service.

a. Claimants who submit their Proofs of Claim through the online portal will receive an email confirmation from the Claims Agent within a reasonable time after submission.

b. Claimants who upload completed Proofs of Claim in PDF format through the Claims Agent's website link will receive an email confirmation from the Claims Agent within a reasonable time after submission.

c. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by the Claims Agent by mail or hand delivery must submit (i) a copy

of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims Agent) and (ii) a self-addressed, stamped envelope.

## IV. ADDITIONAL INFORMATION

Copies of all pleadings, orders, and notices, and other information regarding the Chapter 11 Cases are available free of charge on the Debtors' informational website at https://dm.epiq11.com/case/ihcare/dockets. Filings in the Chapter 11 Cases also are available for a fee at the Court's website at https://www.txs.uscourts.gov/bankruptcy-court. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov. Documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Northern District of Texas (Fort Worth Division), Eldon B. Mahon U.S. Courthouse, 501 W. 10th St. Fort Worth, TX 76102-3643.

If you require additional information regarding the filing of a Proof of Claim, you may (a) visit the Debtors' restructuring website at: https://dm.epiq11.com/case/ihcare/info; or (b) send an electronic mail message to InspiredHealthCareInfo@epiqglobal.com.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE.**