

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 8, 2026**

United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*[1] | ) ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION, (II) AUTHORIZING THE COMMITTEE TO ESTABLISH AND MAINTAIN THE COMMITTEE INFORMATION PLATFORMS, AND (III) AUTHORIZING THE COMMITTEE TO UTILIZE AN INFORMATION AGENT IN CONNECTION THEREWITH**

---

[1] The last four digits of Inspired Healthcare Capital Holdings, LLC's federal tax identification number are 6696. There are 161 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/InspiredHealthcare. The Debtors' mailing address is 7033 East Greenway Parkway, Suite 250, Scottsdale, AZ 85254.

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information, (II) Establishing Creditor Information Sharing Procedures, and (III) Granting Related Relief* (the "Motion")[1] for entry of an order (i) clarifying the Committee's obligations to provide creditors with access to privileged and confidential information under section 1102(b)(3)(A) of the Bankruptcy Code (ii) establishing uniform procedures for providing creditors access to information pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code, Bankruptcy Rule 9018, and paragraph 36 of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023, and (iii) granting related relief; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate, it creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Committee and the Official Committee of Delaware Statutory Trust (DST) Investors (the "DST Committee" and together with the Committee, the "Committees") shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtor or any other entity to any creditor, Delaware Statutory

---

[1]    All capitalized terms not otherwise defined herein shall of the meanings ascribed to them in the Motion.

Trust beneficiary, or equity holder (collectively, "Claimants") with a claim or interest of any kind represented by the respective Committee, except as provided below.

3.      The Committees shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information or Privileged Information of the Committee to any Claimant with a claim or interest of the kind represented by the respective Committee. Nonetheless, the Committees shall be permitted, but not required, to provide access to Confidential Information or Privileged Information of the respective Committee, to any party so long as (a) such Confidential Information or Privileged Information is not Confidential Information of the Debtor or any other entity (other than the respective Committee), and (b) the relevant privilege or confidentiality is held and controlled solely by the respective Committee.

4.      The Committees shall implement the following procedures for providing access to information to Claimants with a claim or interest of the kind represented by the respective Committee (the "Claimant Information Procedures") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

    A.  Privileged and Confidential Information. The Committees shall not be required to disseminate to any entity, as defined in section 101(15) of the Bankruptcy Code, (i) information which another entity asserts is confidential, non-public, and/or proprietary (the "Confidential Information")[2] or (ii) information subject to attorney-client privilege, the work-product doctrine, or any other applicable privilege whether held solely by the respective Committee or as a joint or common-interest privilege with another entity (the "Privileged Information") without further order of the Court.

    B.  Information Obtained Through Discovery. Any information received by the respective Committees from any entity in connection with an examination under Rule 2004 or in

---

[2]   For purposes of this Motion, the term "Confidential Information" encompasses all information another entity asserts is confidential, non-public, and/or proprietary, including financial information; trade information; other research, development, marketing, pricing, or commercial information; and sensitive, private, or personal information. The Committee reserves its rights to challenge the designation of any materials as Confidential Information. Nothing herein shall be construed as a waiver or acknowledgement that specific documents or other materials are properly designated Confidential Information.

connection with formal or informal discovery in any contested matter, adversary proceeding, or other litigation in this Case shall not be governed by the Proposed Order, but by any order governing such discovery, adversary proceeding, contested matter, or other litigation. Nothing in the Proposed Order shall obligate the respective Committee to provide any such information that the respective Committee obtains from third parties.

C. Claimant Information Requests. If a Claimant who has demonstrated to the satisfaction of the respective Committee, in its sole discretion, or to the Court that it holds a claim or interest of the kind represented by the respective Committee (the "Requesting Claimant") submits a written request to the respective Committee for information under section 1102(b)(3)(A) of the Bankruptcy Code (the "Information Request") the respective Committee shall, as soon as practicable provide a response to the Information Request (the "Response"). The Response shall either grant the Information Request and provide access to the information requested or deny the Information Request and provide the reason(s) the respective Committee cannot comply. If the Response denies the Information Request because the respective Committee determines the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) under the terms of the Proposed Order or under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because disclosure is prohibited under applicable law, (iii) because the respective Committee obtained the information pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Claimant may file a motion to compel disclosure consistent with Court's motion procedures. Nothing herein shall be deemed to preclude the Requesting Claimant from requesting (or the respective Committee from objecting to such request) that the respective Committee provide a log or other index of any information specifically responsive to the Information Request that the respective Committee deems Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Claimant from requesting that the Court conduct an *in camera* review of the information the respective Committee deems Confidential Information or Privileged Information.

None of the above procedures are intended to limit the respective Committee members' ability to discuss information which is not privileged or confidential on an informal basis with Claimants.

5.      Nothing in this Order shall diminish or modify the rights and obligations of the Committees or their members and representatives under the Committee Bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Committees' or their members' and representatives' (a) rights to disclose Confidential Information as permitted under the Committee Bylaws or such confidentiality agreement or (b) obligations to

3

keep such Confidential Information confidential), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6.      The Committees are authorized, but not directed, in their sole discretion, to establish and maintain the Committee Information Platforms and to develop, with their respective advisors, a plan for communicating with the Claimants that hold claims or interests of the kind represented by the respective Committee.

7.      The Committees are authorized to engage a Committee Information Agent (which may be Epiq Corporate Restructuring, LLC ("Epiq")) to assist the Committees and their respective professional advisors with (a) the Committee Information Platforms and communications plans, including establishing and maintaining a website for the benefit of the Claimants that hold claims or interests of the kind represented by the respective Committee, and (b) noticing and serving filings made on behalf of the Committees.

8.      The Debtors are authorized to compensate the Committee Information Agent(s) upon the receipt of reasonably detailed invoices setting forth the services provided by the Committee Information Agent and the rates charged for each, and to reimburse the Committee Information Agent(s) for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for the Committee Information Agent(s) to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of the Committee Information Agent(s) under this Order shall be an administrative expense of the Debtors' estates.

10.     Within one (1) business day of the entry of this Order, the Debtors shall instruct Epiq in its capacity as claims and noticing agent for the Chapter 11 Cases to prominently post the following on the website of such claims and noticing agent at https://dm.epiq11.com/case/ihcare/info: "On June ___, 2026, the United States Bankruptcy Court for the Northern District of Texas entered an order [Docket No.__] (the "Committee Information Sharing Procedures Order"), among other things, approving a protocol regarding creditor requests for information and authorizing the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors Committee") to establish a website (the "Creditors Committee Website") whereby the Debtors' creditors may access certain non-confidential and non-privileged information, as determined by the Committee in its sole discretion, that is either not otherwise readily available or that the Creditors Committee determines should be further highlighted for the Debtors' unsecured creditors. The Creditors Committee Website can be accessed by clicking here or visiting https://dm.epiq11.com/IHCCommittee. A copy of the Committee Information Sharing Procedures Order may be accessed by clicking here or visiting the Creditors Committee Website. Any other Committee Information Platforms may be accessed by visiting the Creditors Committee Website." At the request of the Committee, the Debtors shall promptly instruct their claims and noticing agent for the Chapter 11 Cases to update the foregoing post as necessary.

11.     Except as explicitly provided herein, nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committees to provide access or not provide access to any information of the Debtors to any party.

12.     This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

**GREENBERG TRAURIG, LLP**

By: *James T. Grogan III*
Shari L. Heyen (Tex. Bar No. 09564750)
James T. Grogan III (Tex. Bar. No. 24027354)
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Emails: Shari.Heyen@gtlaw.com
James.Grogan@gtlaw.com

– and –

Jared R. Weir (Tex. Bar No. 24075253)
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: Jared.Weir@gtlaw.com

– and –

David B. Kurzweil (Admitted *Pro Hac Vice*)
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: KurzweilD@gtlaw.com

***Counsel to the Official
Committee of Unsecured Creditors***

-and-

*/s/ Steven J. Levitt*
Steven J. Levitt (TX SBN 24092690)
Brent R. McIlwain (TX SBN 24013140)
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel.: (214) 969-1700
Email: Steven.Levitt@hklaw.com

7

Email: Brent.Mcilwain@hklaw.com

Tyler N. Layne (TN SBN 033401) (*pro hac vice pending*)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel: 615-850-8159
Email: Tyler.Layne@hklaw.com

*Proposed Co-Counsel for the Official Committee of Delaware Statutory Trust (DST) Investors*

*-and-*

Joseph M. Coleman (SBN 04566100)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jcoleman@krcl.com
Email: jdabera@krcl.com

Mark C. Taylor (SBN 19713225)
Morris D. Weiss (TX SBN 21110850)
Jason B. Binford (TX SBN 24045499)
**KANE RUSSELL COLEMAN LOGAN PC**
401 Congress Ave., Suite 2100
Austin, Texas 78701
Tel.: (512) 487-6650
Email: mtaylor@krcl.com
        mweiss@krcl.com
        jbinford@krcl.com

*Proposed Co-Counsel for the Official Committee of Delaware Statutory Trust (DST) Investors*

8