**WOMBLE BOND DICKINSON (US) LLP**
Jacob Wayne Edwards
Texas State Bar No. 24146272
Federal Bar No. 3916788
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7837
Facsimile: (346) 998-5901
Email: Jacob.Edwards@wbd-us.com
Counsel for The Huntington National Bank

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| INSPIRED HEALTHCARE CAPITAL | ) | |
| HOLDINGS, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Related to Docket Nos. 465, 1070, |
| | ) | 1310, 1569, 1657, and 1709 |

**<u>THE HUNTINGTON NATIONAL BANK'S EMERGENCY LIMITED OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT OF LAS VEGAS EQUIPMENT LEASE, PROPOSED $0.00 CURE AMOUNT, AND PROPOSED SALE ORDER</u>**

The Huntington National Bank ("Huntington") files this emergency limited objection to the proposed assumption and assignment of its Equipment Lease and to the proposed sale order attached to the Notice of Sale Order for Salterra at Las Vegas, The Archer Senior Living at Crescent Park, and Mariella of Grapevine [Docket No. 1709] (the "Proposed Las Vegas Sale Order"). Huntington does not object to the sale generally. Because the intended scope of the Proposed Las Vegas Sale Order is not entirely clear, Huntington objects only to the extent the Debtors contend that the Proposed Las Vegas Sale Order binds Huntington, fixes Huntington's cure amount, determines the adequacy of notice to Huntington, or otherwise impairs Huntington's rights.

1. Inspired Senior Living of Las Vegas MT, LLC commenced its chapter 11 case on February 2, 2026.

2. Huntington and the Las Vegas Debtor entered into an Equipment Lease dated January 24, 2025 for a 2025 Ford E350 StarCraft Allstar 22-foot Bus, VIN 1FDEE3FN2SDD03011 (the "Las Vegas Lease").

3. Huntington's proof of claim states that the lease was current as of the petition date and remaining scheduled lease payments totaled $86,160.00.

4. The Notice of Successful Bidder [Docket No. 1569] lists a Huntington equipment lease signed March 12, 2025 as an Assumed Contract with a $0.00 Cure Amount. Huntington understands the entry to refer to the Las Vegas Lease despite the date discrepancy.

5. The Third Supplemental Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 1657] lists only Great America Financial Services and Wells Fargo VFS, LLC on Schedule 1. It does not identify Huntington or the Las Vegas Lease.

6. Proposed paragraph 26 of the Proposed Las Vegas Sale Order refers collectively to the Cure Notices, the Post-Auction Notice, and Schedule 2.5(a) to the APA, and states that amounts in those sources will be fixed, final, and binding upon each Counterparty that did not timely object.

7. It is unclear whether the Debtors intend that paragraph 26 or any related finding apply to Huntington. To the extent the Debtors contend that Docket No. 1657 or another Cure Notice triggered a Huntington deadline, or that paragraph 26 binds Huntington to a $0.00 cure, Huntington objects. Docket No. 1657 does not provide contract-specific notice to Huntington,

and neither the August 10 APA filing nor September 10 Post-Auction Notice stated a Huntington cure-objection deadline.

**LIMITED OBJECTION**

8. To the extent the Debtors seek to assume and assign the Las Vegas Lease, the $0.00 Cure Amount cannot release unpaid postpetition rent or other defaults accruing before assignment.

9. To the extent the Debtors seek to establish Huntington's cure amount through the Proposed Las Vegas Sale Order, Huntington requests a complete payment history through closing and confirmation that all obligations are satisfied.

10. To the extent the Proposed Las Vegas Sale Order could be construed to adjudicate Huntington's notice, timeliness, cure, waiver, bar, estoppel, or injunction rights, Huntington requests an express carve-out until this Objection is resolved.

11. Nothing in this Objection should be construed as asserting that the Debtors necessarily intend to bind Huntington through provisions directed solely to other counterparties. Huntington files this Objection to preserve its rights because the proposed language is broader than the counterparties listed in Docket No. 1657.

**TIMELINESS AND RESERVATION OF RIGHTS**

12. Huntington submits that no contract-specific cure deadline was triggered. Alternatively, to the extent any earlier deadline is asserted, cause exists because the Proposed Las Vegas Sale Order containing the potentially applicable binding provisions was filed September 21, immediately before the September 22 Sale Hearing.

13. Huntington reserves all rights. Nothing herein constitutes consent, waiver, or an assertion that the Debtors have conclusively taken any particular position as to Huntington.

WHEREFORE, Huntington respectfully requests that the Court, to the extent the Debtors seek to bind Huntington, preserve Huntington's notice, cure, timeliness, ownership, and contractual rights and positions; decline to establish a final $0.00 cure; require cure or a reserve; prohibit assumption or assignment absent compliance with section 365; include an express Huntington carve-out in any final order; and grant further relief.

Dated: September 22, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Jacob Wayne Edwards*
Jacob Wayne Edwards
Texas State Bar No. 24146272
Federal Bar No. 3916788
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7837
Facsimile: (346) 998-5901
Email: Jacob.Edwards@wbd-us.com

**Counsel for The Huntington National Bank**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 22, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will provide electronic notice to all counsel and parties registered to receive electronic notice in these Chapter 11 Cases.

*/s/ Jacob Wayne Edwards*
Jacob Wayne Edwards