**WOMBLE BOND DICKINSON (US) LLP**
Jacob Wayne Edwards
Texas State Bar No. 24146272
Federal Bar No. 3916788
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7837
Facsimile: (346) 998-5901
Email: Jacob.Edwards@wbd-us.com
Counsel for The Huntington National Bank

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 26-90004 (MXM) |
| | ) | (Jointly Administered) |
| INSPIRED HEALTHCARE CAPITAL | ) | |
| HOLDINGS, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Related to Docket Nos. 465, 1069, |
| | ) | 1171, 1309, 1467, 1566, and 1713 |

**THE HUNTINGTON NATIONAL BANK'S EMERGENCY LIMITED OBJECTION TO PROPOSED SALE ORDER FOR MARIELLA OF RENO, THRIVE AT AUGUSTA, AND AUGUSTA VACANT LAND**

The Huntington National Bank ("Huntington") files this emergency limited objection to the proposed sale order attached to the Notice of Proposed Sale Order for Mariella of Reno, Thrive at Augusta, and Augusta Vacant Land [Docket No. 1713] (the "Proposed Reno/Augusta Sale Order"). Huntington does not object to the sale generally. Because the intended scope of the Proposed Reno/Augusta Sale Order and the treatment of Huntington are not entirely clear, Huntington objects only to the extent the Debtors contend that the Proposed Reno/Augusta Sale Order (a) binds Huntington to a $0.00 cure amount or otherwise affects Huntington's rights under the Augusta Lease, or (b) includes the Reno Vehicle as an Acquired Asset, deems Huntington to have consented, or otherwise impairs Huntington's lien and related rights.

**BACKGROUND**

1. On February 2, 2026, Inspired Senior Living of Augusta MT, LLC and Inspired Senior Living of Reno MT, LLC commenced their chapter 11 cases, which are jointly administered under Case No. 26-90004 (MXM).

2. Huntington is the assignee of a Master Lease dated May 21, 2021 and Equipment Schedule 300 relating to a 2019 Ford Turtle Top Terra Transit Van, VIN 1FDWE3FS4KDC29973 (the "Augusta Lease"). Huntington filed a proof of claim asserting $20,959.82 in past-due rent as of the petition date.

3. The Reno Debtor entered into an Equipment Finance Agreement with Huntington relating to a 2016 Ford Econoline E350 Super Goshen GCII ADA Bus, VIN 1FDEE3FL0GDC29836 (the "Reno Vehicle"), and granted Huntington a security interest. Huntington filed a secured proof of claim in the amount of $34,058.80.

4. The Notice of Successful Bidder [Docket No. 1566] lists the Augusta Lease as an Assumed Contract with a $0.00 Cure Amount. The same notice and related schedules identify a substantially matching Goshen bus among the Mariella of Reno assets. Huntington understands, but has not independently confirmed, that the entry may refer to the Reno Vehicle.

5. The Second Supplemental Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 1171] lists only Enterprise Fleet Management, Inc./Enterprise FM Trust and ARRIVE Architecture Group on Schedule 1. It does not identify Huntington, TCF National Bank, the Augusta Lease, the Reno Equipment Finance Agreement, or the Reno Vehicle.

6. Proposed paragraph 27 of the Proposed Reno/Augusta Sale Order refers collectively to the Cure Notices, the Post-Auction Notice, and Schedule 2.5(a) to the APA, and

states that amounts in those sources will be fixed, final, and binding upon each Counterparty that did not timely object. Finding GG and proposed paragraphs 14, 17, 18, 24, and 25 contain provisions that could apply generally to holders of liens on Acquired Assets, rather than only to parties listed in supplemental cure notices.

7. It is unclear whether the Debtors intend any of those provisions or findings to apply to Huntington. Nothing in this Objection should be construed as asserting that the Debtors necessarily intend to bind Huntington, include the Reno Vehicle, or direct provisions intended for other counterparties toward Huntington. Huntington files this Objection protectively because the proposed language is broader than the parties listed in Docket No. 1171 and the intended treatment of Huntington is not clear.

## I. AUGUSTA MASTER LEASE AND PROPOSED $0.00 CURE

8. To the extent the Debtors seek to assume and assign the Augusta Lease, section 365 requires cure of defaults and adequate assurance of future performance.

9. To the extent the Debtors seek to establish Huntington's cure amount through the Proposed Reno/Augusta Sale Order, Huntington objects to a $0.00 cure. The cure must include $20,959.82 in prepetition past-due rent, together with all unpaid postpetition amounts through assignment, or an adequate reserve.

10. To the extent the Debtors contend that Docket No. 1171 or another Cure Notice triggered a Huntington deadline, Huntington objects. Docket No. 1171 does not provide contract-specific notice to Huntington, and neither the August 10 APA filing nor the September 10 Post-Auction Notice stated a Huntington cure-objection deadline.

11. To the extent the Proposed Reno/Augusta Sale Order could be construed to adjudicate Huntington's notice, timeliness, cure, waiver, bar, estoppel, or injunction rights, Huntington requests an express carve-out until this Objection is resolved.

## II. RENO VEHICLE AND HUNTINGTON'S LIEN

12. Huntington's Equipment Finance Agreement is not identified on the assumed-contract schedule. To the extent the substantially matching bus listed in the schedules is the Reno Vehicle, the transaction appears to treat the Reno Vehicle as an Acquired Asset.

13. To the extent the Reno Vehicle is an Acquired Asset, Huntington does not consent to a sale free and clear under section 363(f)(2), and preserves its right to contest whether any subsection of section 363(f) is satisfied.

14. To the extent the Debtors seek to transfer the Reno Vehicle, the Reno Vehicle should not transfer free and clear unless Huntington is paid, consents in writing, or receives adequate protection.

15. To the extent Huntington's lien is proposed to attach to proceeds, those proceeds must be specifically identifiable as attributable to the Reno Vehicle, with the same validity, priority, extent, and enforceability. The Proposed Reno/Augusta Sale Order does not identify Huntington, the Reno Vehicle, Huntington's lien, specifically identifiable proceeds, or a Huntington reserve.

16. To the extent the Proposed Reno/Augusta Sale Order could otherwise apply to Huntington, the final order should state that Huntington has not consented, preserve Huntington's lien and statutory rights, prohibit issuance of a lien-free title or execution of a release on Huntington's behalf pending resolution, and require a sufficient reserve.

## III. TIMELINESS AND RESERVATION OF RIGHTS

17. Huntington submits that no contract-specific cure deadline was triggered as to the Augusta Lease. Alternatively, to the extent any earlier cure or sale deadline is asserted, cause exists because the Proposed Reno/Augusta Sale Order containing the potentially applicable cure, consent, lien-transfer, injunction, title-cancellation, and immediate-effect provisions was filed September 21, immediately before the September 22 Sale Hearing.

18. Huntington reserves all rights to amend or supplement this Objection, assert additional cure amounts, object to adequate assurance, seek adequate protection, challenge any allocation, assert allowed interest, fees, costs, and expenses, and exercise all rights and remedies under applicable law. Nothing herein constitutes consent, waiver, or an assertion that the Debtors have conclusively taken any particular position as to Huntington.

WHEREFORE, Huntington respectfully requests that the Court, to the extent the Debtors seek to bind Huntington or include the Reno Vehicle: (a) preserve Huntington's notice, cure, timeliness, contractual, ownership, and lien rights and positions; (b) decline to establish a final $0.00 cure for the Augusta Lease; (c) require cure or an adequate reserve before assumption and assignment of the Augusta Lease; (d) prohibit any free-and-clear transfer of the Reno Vehicle unless Huntington is paid, consents in writing, or receives adequate protection; (e) require specifically identifiable proceeds and a sufficient reserve for the Reno Vehicle; (f) preserve Huntington's rights under sections 361, 363(e), 363(f), 363(k), and 365; (g) include an express Huntington carve-out from any deemed-consent, lien-release, title-cancellation, final-cure, waiver, bar, estoppel, or injunction provisions pending resolution; and (h) grant such other and further relief as is just and proper.

Dated: September 22, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Jacob Wayne Edwards*
Jacob Wayne Edwards
Texas State Bar No. 24146272
Federal Bar No. 3916788
717 Texas Avenue, Suite 2100
Houston, Texas 77002
Telephone: (346) 998-7837
Facsimile: (346) 998-5901
Email: Jacob.Edwards@wbd-us.com

**Counsel for The Huntington National Bank**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 22, 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will provide electronic notice to all counsel and parties registered to receive electronic notice in these Chapter 11 Cases.

*/s/ Jacob Wayne Edwards*
Jacob Wayne Edwards